# EXHIBIT 12

## Schaffel & Wilheim's Criticism of Prior Lawyers' Litigation Strategy

From Schaffel v. RPIP, Doc. 1-1, paragraph 55: Defendant Schaffel and Defendant Ronald Wilheim gave 'explicit instructions' on litigation tactics, that their previous counsel did not apparently always comply with.

acknowledged their inadequacies. Despite this fact, Legal Defendants continued representing the Clients without full disclosure of these recognized deficiencies.

55.     Legal Defendants compounded these breaches through their deliberate defiance of Client directives, particularly in their handling of litigation strategy against competitors. Despite receiving explicit instructions from Principal and Defendant Ronald Wilheim regarding tactical approaches, Legal Defendants chose to pursue their own preferred strategies without disclosure or consultation. This usurpation of client authority on fundamental strategic decisions represents a clear violation of the fiduciary duty of loyalty owed to Clients.

56.     The severity of these breaches is evidenced by the substantial financial losses that resulted therein. Defendant Sholom Meir himself explicitly acknowledged on December 5, 2024 that the damages resulting from these breaches had exceeded $100,000 at that time.

57.     When viewed in totality with the negligent conduct detailed in Count II, Legal Defendants' persistent pattern of prioritizing their personal comfort over client interests, making unauthorized disclosures of privileged information, and defying explicit Client instructions demonstrates precisely the type of breach of trust that fiduciary duty law exists to remedy.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.  **AWARD** compensatory damages against Legal Defendants, jointly and severally, in an amount to be determined at trial, for losses directly and proximately caused by their professional negligence, including the value of properties lost through improper surrender of valid judgments, lost profits and business opportunities, diminution in value of tax liens and associated property rights, additional carrying costs, lost investment returns, and