# EXHIBIT 24

## March 19, 2026 Order — Lazerow: No Lawful Demand for Possession

Order stating Vertex had not shown they made a lawful demand for possession.

**ORDERED** that Plaintiffs' Request for Damages for Wrongful Detainer be, and the same hereby is, **DENIED**. In order to establish entitlement to compensatory damages for wrongful detainer, Plaintiff was required to provide evidence that they made a legal demand for

---

\* The Court notes that Plaintiff filed a separate "Motion to Strike Fausto Gomez [*sic*] Opposition," on March 8, 2026, which is being denied by this Court's Order Granting Movants' Emergency Motion to Intervene, entered contemporaneously herewith.

1

possession upon obtaining the deed, i.e., at the point that Plaintiff became entitled to legal possession, and that the Defendants thereafter wrongfully denied possession. *See Legacy Funding LLC v. Cohn*, 396 Md. 511, 520-21 (2007) ("[T]o establish the basis of such a claim [for compensatory damages for wrongful detainer]. . . the claimant must show that (1) it was lawfully entitled to possession, (2) it demanded possession following its entitlement to do so, and (3) the possession was wrongfully denied."). Plaintiff provides tracking information for a notice to vacate mailed to Defendant Fausto Gomez on April 7, 2025. Mot. Ex. A. This demand for possession was made prior to Plaintiff obtaining a deed for the subject property. Plaintiff has therefore not shown that they made a demand for possession *after obtaining lawful entitlement to possession*, which is a necessary factor for establishing entitlement to compensatory damages for wrongful detainer.

03/19/2026 10:48:57 AM