# EXHIBIT 25

## Gomez's Emergency Motion to Alter or Amend

Filed March 30, 2026. Argues that the third writ of possession
should have been quashed, because the new title holders lack
standing for a writ of possession derived from the Maryland Tax
Property articles.

## IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

Vertex TL, LLC,
  Plaintiff

v.                              Case No.: C-24-CV-24-004451

Fausto Gomez,
  Defendant

RECEIVED
MAR 3 0 2026
CIRCUIT COURT
FOR BALTIMORE CITY

## EMERGENCY MOTION TO ALTER OR AMEND
## ORDER DENYING MOTION TO QUASH WRIT OF POSSESSION
## PURSUANT TO MARYLAND RULE 2-534

### INTRODUCTION

Defendant Fausto Gomez respectfully moves under Maryland Rule 2-534 to Alter or Amend the March 19, 2025 Order denying Defendant's Motion to Quash the Third Writ of Possession.

On March 19, 2026 the Court delivered multiple Orders. One was an Order Granting Third Party Motion to Intervene "as plaintiffs". In this Order, the Court did not specify the law or legal reasoning that justified granting the Movants intervention request. (See Dkt. at 03/19/2026, "Order Granting Movants' Emergency Motion To Intervene")

Also on March 19, 2025 the Court issued an Order Denying Defendant's Motion to Quash a Writ of Possession stating movants "having obtained a deed for the subject property... were entitled to the issuance of a writ of possession" and cited § 14-850 which states: "Any person who acquires a deed to property under this subtitle is entitled to issuance of a writ for possession of the property under the Maryland Rules as if the person had obtained a judgment awarding possession of the property." (See Dkt. at 03/19/2026, "Order Granting Movants' Emergency Motion To Intervene")

Defendant previously argued that Movants were not entitled to intervention or a writ of possession under the Tax Sale Statutes. The Court's Orders declaring otherwise rests on legal error. Defendant directs the Court to controlling statutes and case law and respectfully requests that the Court reverse its Orders.

Defendant also recognizes that Plaintiff's "Emergency Motion to Intervene" contains errors which potentially misled the Court in its decision making. Defendant points those out as well.

Defendant notes "A court's discretion is always tempered by the requirement that the court correctly apply the law applicable to the case." Rose v. Rose, 236 Md. App. 117, 129 (2018) (quoting Arrington v. State, 411 Md. 524, 552 (2009)). Indeed, "a failure to consider the proper legal standard in reaching a decision constitutes an abuse of discretion." Miller v. Mathias, 428 Md. 419, 438 (2012).

## BACKGROUND

It is undisputed that in December 2025 Vertex (the original Plaintiffs) recorded a tax sale deed that was granted by Baltimore City, and subsequently, on the same day, Vertex granted a deed to the Third Party Movants Hadaf Anwar Alsamet, Mohamed Abdo Alnisafi, Mohammed Dahan Shahbain. On March 19, 2026, months after these deed recordings, this Court granted the Movants intervention "as plaintiffs". (See Dkt. at 03/19/2026, "Order Granting Movants' Emergency Motion To Intervene" ¶4)

Maryland Tax Property Article § 14-820 says "The collector shall deliver to the purchaser [i.e. winning bidder at the tax sale auction] a certificate of sale". Vertex, not Movants, received a Certificate of Sale from the Collector.

## AUTHORITIES

§ 14-836(a) states "[t]he plaintiff in any action to foreclose the right of redemption **shall be the holder of the certificate of sale.**" (emphasis added). Movants never received a certificate of sale from the Collector. They received a deed from Vertex. **Because the Movants never held the certificate of sale, they cannot be plaintiffs in this case. Movants are prohibited by statute from being plaintiffs.**

The precision with which § 14-836 defines the other parties to a tax sale foreclosure action confirms that the definition of "the plaintiff" as holder of the certificate of sale is deliberate and exclusive. Section 14-836(b)(1) identifies the defendants with granular specificity: record title holders, mortgagees, trustees under deeds of trust, the county, the State. The legislature chose to define parties in tax sale cases with precision. Against that

backdrop, § 14-836(a)'s choice to define "the plaintiff" as, and only as, "the holder of the certificate of sale" is not an oversight — it is a deliberate and exclusive definition.

Secondly, the Movants can never become Plaintiffs, because the tax sale certificate was extinguished by or at the time Vertex recorded its deed from the City. In Mayor & City Council of Baltimore v. Thornton Mellon, LLC, 478 Md. 396, 450–51 (2022), the Court of Appeals held that executing and delivering the tax deed extinguishes the certificate of sale as a matter of law. The court stated: "the certificate retains its value until the deed is executed and delivered. The tax deed creates a new and complete title in the property, 'which bars or extinguishes all prior titles and encumbrances of private persons, and all equities arising out of them." Id. The Third Party Movants can never become holders of the certificate of sale, because the certificate was extinguished when the Collector executed and delivered the tax deed to Vertex.

Third, if the Court's statutory basis for allowing Movants to intervene was Rule 2-214(a)(2)[1], the Court erred since the specific statutory provisions of § 14-836 control over the general provisions of Rule 2-214. In Massey v. Secretary, Dep't of Public Safety & Correctional Services, 389 Md. 496, 886 A.2d 585 (2005), the Court of Appeals held that "when there is a conflict between a general statute and one dealing specifically with the issue at hand, the specific statute controls." § 14-836 says that the Plaintiff must be the holder of a certificate of sale. Movants never held the certificate of sale. As such, if the requirements of Rule 2-214 and § 14-836 conflict, then § 14-836's requirements must supersede Rule 2-214's requirements.

Fourth, in its Order denying Defendant's Motion to Quash the Third Writ of Possession, the Court equates "obtain[ing] a deed for the subject property" with "acquir[ing] a deed [for the subject property]...**under this subtitle** ". (emphasis added) The Court did not elaborate on its logic for equating these two phrases. Lacking explicit explanation by the Court, Defendant posits the Court was evaluating §14-850 in isolation i.e. the Court may not have considered that the writ remedy afforded by §14-850 is predicated on a party's status and actions before §14-850 is invoked. To be clear, law requires the tax sale statutes to be interpreted as a unified scheme and not as independent statutes. §14-832 explains "**The provisions of §§ 14-832.1 through 14-854 of this subtitle shall be**

---

[1] In Plaintiff's "Emergency Motion to Intervene" Plaintiff stated, as their only statutory authority, that "Movant's have standing to intervene as they are not "adequately represented by existing parties." Rule 3-214(1)" Rule 3-214(1) does not exist. Defendant believes Plaintiff meant Rule 2-214(a)(2), which uses the phrase "adequately represented" but also includes additional conditions that Plaintiff omitted from their quote and which movants do not satisfy.

**construed** to ensure a balance between" the due process of property owners and the public policy of providing marketable title (emphasis added). In <u>Mayor & City Council of Baltimore v. Thornton Mellon, LLC,</u> 478 Md. 396, 274 A.3d 1079 (2022), the Court of Appeals held that "[w]e do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone," <u>id.</u> at 429, 274 A.3d at 1099 (quoting <u>Lockshin v. Semsker,</u> 412 Md. 257, 275, 987 A.2d 18 (2010)), and that courts must presume the legislature intends its enactments to "operate together as a consistent and harmonious body of law," <u>id.</u> (quoting <u>Lockshin,</u> 412 Md. at 276, 987 A.2d 18). Movants cannot avail themselves to the writ entitlement of Tax Sale Statute § 14-850 when they were not party to and did not participate in the other provisions of the Tax Sale Statutes.

Defendant acknowledges that the tax sale statutes provide a way for a party, who was not the original tax sale purchaser, to intervene as plaintiff. Namely § 14-821(a) provides that certificates of sale are assignable and assignment vests the rights and interests of the original purchaser [i.e. plaintiff] to the assignee. Vertex did not take that path; they decided to sell a deed instead of a certificate of sale. Vertex recorded its deed first, extinguishing the certificate, then sold the property to Third Party Movants.[2] The legislature provided the mechanism for transferring tax sale rights within the tax sale statutory process and Vertex bypassed it, in favor of collecting payment for deed conveyance. The legislature contemplated how to imbue a tax sale plaintiff's rights into a third party; this Court should not create additional pathways the legislature did not intend.

## <u>PLAINTIFF'S EMERGENCY MOTION TO INTERVENE CONTAINS ERRORS THAT MAY HAVE MISLED THE COURT'S DECISION MAKING</u>

In its Emergency Motion to Intervene, Plaintiff gave three reasons for its request. At least two of the reasons contained errors. Defendant highlights these in case the errors affected the Court's reasoning to grant Movants intervention or to Deny Defendant's Motion to Quash the Third Writ of Possession.

---

[2] In Plaintiff's Emergency Motion to Intervene, Plaintiff seems to have cited the incorrect date of recordation and page in the land records. According to landrec.msa.maryland.gov, December 3, 2025 is the correct date of deed recording and Baltimore City Circuit Court Land Records *Liber* 28577 *Folio* 283-287 are the correct pages. Defendant mentions this in case the Court's decision making was affected by the error.

In its "Emergency Motion to Intervene" (See Dkt. 03/04/2026) Plaintiff states:

"1. Movants are the current owner of record of the property. *See* Baltimore City Circuit Court Land Records *Liber* 28577 *Folio* 279 (showing a copy of the deed recorded on December 12, 2025).

2. Movants have retained the undersigned counsel to represent them in the limited capacity of obtaining the Writ of Possession.

3. Movant's have standing to intervene as they are not "adequately represented by existing parties." Rule 3-214(1)."

Regarding #1, according to https://landrec.msa.maryland.gov/, Movants' deed was recorded December 3, 2025 not December 12, 2025. If someone looked for the deed at December 12, 2025 they may not find it. Additionally, the correct page for the deed is not "Baltimore City Circuit Court Land Records *Liber* 28577 **Folio 279**" rather it is "Baltimore City Circuit Court Land Records *Liber* 28577 **Folio 283**". Folio 279 shows a deed from the City Collector to a tax sale certificate holder, while Folio 283 shows the private deed between Vertex and Movant.

Regarding #3, the Rule Plaintiff cited, "Rule 3-214(1)", does not exist. Defendant believes Plaintiff meant Rule 2-214(a)(2), which uses the phrase "adequately represented".The full text of the rule is as follows: "A person shall be permitted to intervene in an action ... **when the person claims an interest relating to the property or transaction that is the subject of the action, and the person is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest unless it is adequately represented by existing parties.**"

Movants do not meet all the conditions of Rule 2-214(a)(2). Movants' actual interest is not the tax sale property being litigated between Vertex and Defendant, rather it is the $190,000 transaction Movant conducted with Vertex. That interest is protected by Movants' contract with Vertex, not by intervention in this proceeding. Indeed, Vertex's own filing confirms that Vertex's pursuit of a Writ of Possession was a condition of Movants' purchase. (*See* Dkt. 02/05/2025, Plaintiff's "Reply to Emergency Motion" ¶2.)

Additionally, that Movants may have independent legal claims against Vertex (e.g. breach of contract), belies a conflict of interest with Mr. Tessler representing both Movants and Vertex. Under Maryland Rule 19-301.7(a)(2), a conflict exists where "there is a significant risk that the representation of one or more clients will be materially limited by

the attorney's responsibilities to another client." Here, Movants' independent legal interests include potential remedies against Vertex — such as a recission of their $190,000 purchase. Mr. Tessler cannot advise Movants to pursue any such remedy, instead of pursuing possession, because doing so would be directly adverse to Vertex, his other client in this same proceeding. Under Maryland Rule 19-301.7, this conflict of interest may be additional grounds to deny Movants intervention. Defendant respectfully requests the Court to ask Mr. Tessler to demonstrate informed, written consent for each party in this case, under Maryland Rule 19-301.7(b)(4).

## LEGAL APPROPRIATENESS OF 2-534

Rule 2-534 applies to appealable interlocutory orders. Andrews v. O'Sullivan, 256 Md. App. 532, 539–40 (2022). The Order is immediately appealable under CJP § 12-303(1) and § 12-303(3)(v). This motion is timely.

Rule 2-534 provides a vehicle to ask the trial court to correct legal errors in an entered judgment before the matter proceeds to appeal. Where, as here, the Orders rest on a misapplication of the statute, Morton v. Schlotzhauer, 449 Md. 217 (2016), makes clear — citing Wilson-X v. Department of Human Resources, 403 Md. 667, 674-75, 944 A.2d 509 (2008) — that courts "do not have discretion to apply inappropriate legal standards, even when making decisions that are regarded as discretionary in nature." A court that fails to rectify a judgment based on a misunderstanding of the applicable law, especially when that error is brought to its attention in a timely manner, abuses its discretion. Correction through this motion is therefore appropriate.

## EMERGENCY NATURE OF RELIEF SOUGHT

Defendant was evicted on March 18, 2026. With the eviction, he was deprived of his source of income which is used to support his family. Additionally, the eviction caught Defendant by surprise, since the Sheriff told him they would not evict on March 18, 2026 (See Exhibit A). Defendant has inventory and materials worth tens-of-thousands of dollars in the store, some of which is perishable.

Restoring Defendant to his property would limit his lost income and damages from lost inventory.

## CONCLUSION

Defendant is not attempting to pettily retain property to which he believes he is not entitled. Rather, he believes that he is afforded due process rights for good reason, and is exercising them, both for his protection and the protection of others.

WHEREFORE, Defendant respectfully requests that this Court:

(1) Reverse the Court's Order Granting the Movants Intervention as plaintiffs

(2) Quash the Writ of Possession Granted to Movants

(3) Under principles of Common Law & Equity, Order the Baltimore City Sheriff to Restore 229 N. Monroe to Defendant and Order that Plaintiff returns or reimburses any property that was damaged, perished or removed from 229. N Monroe

(4) Order that Plaintiff is barred from requesting future Writs of Possession from the Court Clerk without an Order signed by a Judge stating Plaintiff is entitled to a Writ of Possession

(5) Given potential conflicts of interest between Movants and Vertex, ask Mr. Tessler to demonstrate informed written consent of each individual client, under Maryland Rule 19-301.7(b)(4); and

(6) Grant any other relief or remedy the Court deems proper.

Respectfully submitted,

_Fausto Gomez_

Fausto Gomez
~~9135 Oak White Rd., Nottingham, MD 21236~~
(443) 627-0201
9315 Oak White Rd., Nottingham, MD 21236