**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**FAUSTO GOMEZ,**

Plaintiff,

v.

**VERTEX TL LLC, et al.,**

Defendants.

**Civil Action No. 1:26-cv-01445**

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND THE COMPLAINT AND TO RESPOND TO THE PENDING MOTIONS TO DISMISS AND RULE 11 NOTICE**

Plaintiff Fausto Gomez, proceeding pro se, moves under Fed. R. Civ. P. 6(b)(1)(A), 11(c)(2), and 15(a)(2), and Local Rule 105.9, for an order extending his deadlines to **September 28, 2026** so that he may address the pending motions to dismiss and the Rule 11 notice through a single amended pleading rather than piecemeal. In support, Plaintiff states:

**Background**

1. On August 19, 2026, counsel for Defendant Vertex TL LLC served Plaintiff by email with a proposed Rule 11 motion and safe-harbor notice. Absent an order setting another time, the 21-day period under Rule 11(c)(2) runs on September 9, 2026.

2. On August 30, 2026, Vertex filed a Motion to Dismiss for Failure to State a Claim (ECF 24). The Clerk issued a Rule 12/56 notice on August 31, 2026 (ECF 26).

3. On August 31, 2026, Defendants Glenda Holman, Earl McQueen, and Kenyatta Washington filed a Motion to Dismiss the Second Amended Complaint (ECF 27, corrected at ECF 29). The Clerk issued a Rule 12/56 notice the same day (ECF 31).

4. On September 7, 2026, Defendants Mohamed Dahan Shahbain, Hadaf Anwar Alsamet, and Mohamed Abdo Alnisafi, represented by the same counsel of record as Vertex,

moved for an extension of time to September 21, 2026 to respond to the Second Amended Complaint (ECF 37). A third motion to dismiss is therefore anticipated on or about that date.

5. On September 8, 2026, Plaintiff filed a notice of voluntary dismissal as to Defendant Yitzchok Isaac Schleifer, which moots Schleifer's Motion to Dismiss (ECF 18).

6. Under Local Rule 105.2(a), Plaintiff's responses to ECF 24 and ECF 27 are presently due on or about September 14, 2026.

**Grounds for the Extension**

7. **Good cause exists.** Fed. R. Civ. P. 6(b)(1)(A) permits an extension for good cause on a motion made before the original deadline expires. This motion is timely as to every deadline it seeks to extend. Plaintiff now faces two filed motions to dismiss from different groups of defendants, a Rule 11 notice from a third, and a further motion to dismiss expected by September 21. These filings raise overlapping objections to the same pleading. Responding to each on its own schedule would require Plaintiff to file successive oppositions and potentially successive amendments, and would require the Court to rule on motions directed at a pleading Plaintiff intends to revise.

8. **A single consolidated amendment serves Rule 1 and Rule 15.** Rule 15(a)(2) directs that leave to amend be freely given when justice so requires. Plaintiff intends to move for leave to file a Third Amended Complaint that responds to all of the pending and anticipated motions and to the Rule 11 notice at once. A modest extension allows the Court and all parties to address one operative pleading rather than several, conserving judicial and party resources. *See* Fed. R. Civ. P. 1.

9. **Rule 11(c)(2) expressly permits the Court to set another time.** The safe-harbor provision requires withdrawal or correction “within 21 days after service or within another time the court sets.” Fed. R. Civ. P. 11(c)(2). Plaintiff asks the Court to set September 28, 2026 as that

time. Plaintiff takes the Rule 11 notice seriously and intends to consider it in good faith; folding any resulting corrections into the same amendment that addresses the motions to dismiss serves the safe harbor's purpose of correction without motion practice.

10. **No party is prejudiced.** The requested extension is approximately two weeks beyond the current response deadline. No scheduling order has issued and no trial date is set. Counsel for Vertex has himself sought an extension to September 21 on behalf of his other clients (ECF 37), and Plaintiff's proposed date follows that one by only a week, permitting all defendants' motions to be addressed together.

11. **Consent (Local Rule 105.9).** Counsel for Defendants Holman, McQueen, and Washington has consented to Plaintiff having until September 28, 2026 to respond to their motion. On September 8, 2026, Plaintiff asked counsel of record for Vertex, Shahbain, Alsamet, and Alnisafi whether he would consent to an extension to September 28, 2026 to respond to the motions to dismiss and the Rule 11 notice. As of this filing, Plaintiff has not received a response.

**Relief Requested**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

a. Extending Plaintiff's deadline to respond to the Motions to Dismiss at ECF 24 and ECF 27 to September 28, 2026;

b. Setting September 28, 2026 as the date by which Plaintiff may file a motion for leave to file a Third Amended Complaint addressing the pending and anticipated motions to dismiss and the Rule 11 notice;

c. Setting September 28, 2026 as the time under Fed. R. Civ. P. 11(c)(2) within which Plaintiff may withdraw or correct any matter challenged in Vertex's Rule 11 notice served August 19, 2026;

d. Providing that, if a motion for leave to amend is filed by that date, Plaintiff's obligation to oppose ECF 24 and ECF 27 is held in abeyance pending the Court's ruling on that motion; and

e. Granting such other relief as the Court deems just.

A proposed order is attached.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026 I served all counsel of record electronically with the foregoing Motion.

*/s/ Fausto Gomez*

Fausto Gomez