# EXHIBIT A

| | | |
|---|---|---|
| **VERTEX TL, LLC, *et al.*,** | * | **IN THE** |
| **Plaintiffs,** | * | **CIRCUIT COURT** |
| **v.** | * | **FOR** |
| **FAUSTO GOMEZ, *et al.*,** | * | **BALTIMORE CITY** |
| **Defendants.** | * | **Case No. C-24-CV-24-004451** |

* * * * * * * * * * * * * * * * * * * * *

**ORDER DENYING PLAINTIFF'S EMERGENCY CONSOLIDATED MOTION TO STRIKE, FOR DECLARATORY RELIEF, AND DAMAGES FOR WRONGFUL DETAINER**

Upon consideration of Plaintiff Vertex TL's Emergency Consolidated Motion to Strike,[*] for Declaratory Relief, and Damages for Wrongful Detainer, filed on March 4, 2026, it is, by the Circuit Court for Baltimore City

**ORDERED** that Plaintiff's Motion for Declaratory Relief be, and the same hereby is, **DENIED**. The Court will not grant Plaintiff's request that Defendant's ability to submit future filings be conditioned on the posting of a substantial bond, or Plaintiff's request in the alternative that the Court prospectively order sanctions for any further filings deemed frivolous. However, the Court notes that it will be inclined to grant Plaintiff's future requests for sanctions if Defendant continues to file items that are facially deficient, such as an untimely notice of appeal, are duplicative of issue already adjudicated, or otherwise appear to have been filed with vexatious or dilatory intent; and it is further

**ORDERED** that Plaintiffs' Request for Damages for Wrongful Detainer be, and the same hereby is, **DENIED**. In order to establish entitlement to compensatory damages for wrongful detainer, Plaintiff was required to provide evidence that they made a legal demand for

[*] The Court notes that Plaintiff filed a separate "Motion to Strike Fausto Gomez [*sic*] Opposition," on March 8, 2026, which is being denied by this Court's Order Granting Movants' Emergency Motion to Intervene, entered contemporaneously herewith.

possession upon obtaining the deed, i.e., at the point that Plaintiff became entitled to legal possession, and that the Defendants thereafter wrongfully denied possession. *See Legacy Funding LLC v. Cohn*, 396 Md. 511, 520-21 (2007) ("[T]o establish the basis of such a claim [for compensatory damages for wrongful detainer]. . . the claimant must show that (1) it was lawfully entitled to possession, (2) it demanded possession following its entitlement to do so, and (3) the possession was wrongfully denied."). Plaintiff provides tracking information for a notice to vacate mailed to Defendant Fausto Gomez on April 7, 2025. Mot. Ex. A. This demand for possession was made prior to Plaintiff obtaining a deed for the subject property. Plaintiff has therefore not shown that they made a demand for possession ***after obtaining lawful entitlement to possession***, which is a necessary factor for establishing entitlement to compensatory damages for wrongful detainer.

**03/19/2026 10:48:57 AM**
**Date**

Entered: Clerk, Circuit Court for
Baltimore City, MD
March 20, 2026

**Judge**
**Circuit Court for Baltimore City**