# EXHIBIT E

| | | |
|---|---|---|
| **VERTEX TL, LLC, *et al.*,** | * | **IN THE** |
| **Plaintiffs,** | * | **CIRCUIT COURT** |
| **v.** | * | **FOR** |
| **FAUSTO GOMEZ, *et al.*,** | * | **BALTIMORE CITY** |
| **Defendants.** | * | **Case No. C-24-CV-24-004451** |

* * * * * * * * * * * * * * * * * * * * *

**<u>ORDER DENYING DEFENDANT FAUSTO GOMEZ'S EMERGENCY MOTION TO ALTER OR AMEND ORDER DENYING MOTION TO QUASH WRIT OF POSSESSION PURSUANT TO MARYLAND RULE 2-534</u>**

Upon consideration of Defendant Fausto Gomez's Emergency Motion to Alter or Amend Order Denying Motion to Quash Writ of Possession Pursuant to Maryland Rule 2-534, filed on March 30, 2026, it is, by the Circuit Court for Baltimore City

**ORDERED** that Defendant's Motion be, and the same hereby is, **DENIED**. Defendant argues that the Court should not have granted Hadaf Anwar Alsamet, Mohamed Abdo Alnisafi, and Mohamed Dahan Shahbain's motion to intervene and designated these individuals as additional Plaintiffs because Maryland Code Annotated, Tax-Property § 14-836(a) defines the Plaintiff in a tax sale foreclosure action as the holder of the tax sale certificate.[1] *See* Mot. at pg. 2. The Court does not agree with Defendant's assertion that Tax-Property § 14-836 limits the scope of intervention permissible under Maryland Rule 2-214. Regardless, an individual is not required to intervene as a party in order to obtain a writ of possession. "Any **person** who acquires a deed to property under this subtitle is entitled to issuance of a writ for possession of the property[.]" Md. Code Ann., Tax-Prop. § 14-850 (emphasis added).

Defendant also argues that in the "Order Denying Defendant Fausto Gomez's Emergency Motion and Memorandum to Quash the Third Writ of Possession Issued by the Clerk of Court,"

[1] As Defendant himself acknowledges, once Plaintiff Vertex TL, LLC obtained a deed to the subject property, the certificate of tax sale was extinguished as a matter of law. *See* Mot. at pg. 3. Following Defendant's argument to its logical conclusion would suggest that there is currently no proper Plaintiff in this action.

entered on March 20, 2026, the Court conflated the concept of a party acquiring a deed with the concept of a party obtaining a deed. *See* Mot. at pg. 3. It is not entirely clear to the Court what distinction Defendant is attempting to draw between these concepts. If Defendant's argument is that Vertex TL, LLC, as the party that originally acquired the deed for the subject property, was the party entitled to the issuance of the Writ of Possession even after the deed was transferred, then this argument is directly counter to Defendant's argument in the "Emergency Motion and Memorandum to Quash Writ of Possession Issued by the Clerk of Court", filed on February 5, 2026, in which Defendant asserted that Vertex TL, LLC was not entitled to issuance of a writ of possession once title was transferred to the new deedholders.[2] Defendant does not present any compelling argument as to why the current deedholders for the subject property were not entitled to the issuance of a writ of possession.

**04/24/2026 2:29:42 PM**

**Date**

Entered: Clerk, Circuit Court for Baltimore City, MD
April 27, 2026

**Judge**
**Circuit Court for Baltimore City**

[2] The Court cannot imagine that the legislature's intent in enacting Tax-Property § 14-850 was to ensure that no party would be able obtain a writ of possession following a deed transfer.