IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAUSTO GOMEZ,

Plaintiff,

v. Civil Action No. 1:26-cv-01445-MJM

VERTEX TL LLC, et al.,

Defendants.

**PLAINTIFF'S PROTECTIVE MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff Fausto Gomez, proceeding pro se, moves under Fed. R. Civ. P. 15(a)(2) and 11(c)(2) and Local Rule 103.6 for leave to file the attached Third Amended Complaint. Plaintiff files this motion today because the 21-day safe-harbor period under Rule 11(c)(2) runs today, September 9, 2026, and the Court has not yet ruled on Plaintiff's Motion for Extension of Time filed September 8, 2026 (ECF 39). Plaintiff's preferred course is the one set out in that motion: that the Court extend his deadlines to September 28, 2026 so that one final amended pleading can address all of the pending and anticipated motions. If the Court grants the extension, Plaintiff asks that this motion be held in abeyance, and that the attached pleading not be docketed as the operative complaint, until Plaintiff files his final proposed amendment by September 28. If the Court denies the extension, Plaintiff asks that leave to file the attached Third Amended Complaint be granted. In support, Plaintiff states:

**Background**

1. On August 19, 2026, counsel for Defendant Vertex TL LLC served Plaintiff by email with a proposed Rule 11 motion and safe-harbor notice. Absent an order setting another time, the 21-day period under Rule 11(c)(2) runs on September 9, 2026.

2. On August 30, 2026, Vertex filed a Motion to Dismiss for Failure to State a Claim (ECF 24). On August 31, 2026, Defendants Holman, McQueen, and Washington filed a Motion to Dismiss the Second Amended Complaint (ECF 27, corrected at ECF 29).

3. On September 7, 2026, Defendants Shahbain, Alsamet, and Alnisafi moved for an extension to September 21, 2026 to respond to the Second Amended Complaint (ECF 37). A third motion to dismiss is anticipated on or about that date.

4. On September 8, 2026, Plaintiff filed a notice of voluntary dismissal as to Defendant Schleifer and a Motion for Extension of Time (ECF 39) asking the Court to extend his response deadlines to September 28, 2026, to set that date as the time under Rule 11(c)(2) for withdrawal or correction, and to set that date as the deadline for a motion for leave to file a Third Amended Complaint. That motion is pending.

5. Because the safe-harbor period runs today and no ruling has issued, Plaintiff files this motion and the attached proposed Third Amended Complaint to ensure that any correction responsive to the Rule 11 notice is made within the 21-day period.

**The Proposed Amendment**

6. The proposed Third Amended Complaint responds to the Rule 11 notice. Plaintiff has considered the notice in good faith. Without conceding its contentions, the proposed pleading withdraws the civil RICO claims (Counts XV and XVI of the Second Amended Complaint) and the allegations pleaded solely in support of them, and removes Defendant Schleifer, whom Plaintiff voluntarily dismissed on September 8, 2026.

7. The proposed pleading also addresses points raised in the pending motions to dismiss (ECF 24 and ECF 27). Among other changes, it adds Tess Law LLC, the firm through which Defendant Tessler acted, as a defendant; adds the Mayor and City Council of Baltimore as

a defendant to the Fourteenth Amendment claim (Count III) under Monell v. Department of Social Services, 436 U.S. 658 (1978), and Todman v. Mayor & City Council of Baltimore, 104 F.4th 479 (4th Cir. 2024); pleads the statutory and Baltimore City Code notice requirements and the Sheriff's Office's own eviction policies in greater detail; pleads the Sheriff's Office Defendants' conduct as malicious or grossly negligent; adds allegations regarding the participation of Defendants Shahbain, Alsamet, and Alnisafi in the alleged conspiracy; and attaches the documents on which the pleading relies as Exhibits 1 through 7.

8. The amendment narrows the case. It removes two counts and one defendant and reduces the pleading from sixteen counts to thirteen.

**Leave to Amend Should Be Granted**

9. Rule 15(a)(2) provides that the Court "should freely give leave when justice so requires." Leave should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Pro se pleadings are construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

10. No defendant is prejudiced. No scheduling order has issued, no discovery has occurred, and no trial date is set. The pending motions to dismiss are directed at a pleading Plaintiff seeks to replace, and the third group of defendants has not yet responded to the Second Amended Complaint at all. Counsel for Vertex has himself sought an extension to September 21 for his other clients (ECF 37).

11. The amendment is made in good faith. It responds to the Rule 11 notice by withdrawing the challenged RICO claims, and it responds to the motions to dismiss by adding

the facts and parties those motions contend are missing. Plaintiff has not sought amendment for delay; this motion is filed on the last day of the safe-harbor period so that the correction is timely.

12. The amendment is not futile. The remaining claims arise from the March 18, 2026 eviction of Plaintiff from 229 N. Monroe Street presenting a writ of possession that had been quashed, without the notice required by Md. Code, Tax-Prop. § 14-836(b)(7) and Baltimore City Code Art. 13 § 8B-2, after Sheriff's Office employees told Plaintiff the eviction was cancelled. The proposed pleading states those claims with the specificity the pending motions demand.

**The Rule 11 Safe Harbor**

13. Rule 11(c)(2) provides that a Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." By filing this motion and the attached proposed pleading within 21 days of service of the notice, Plaintiff has withdrawn the challenged RICO claims within the safe-harbor period. Plaintiff asks the Court to so find, or, in the alternative, to set September 28, 2026 as the time for withdrawal or correction as requested in his Motion for Extension of Time (ECF 39).

**Why the Court Should Rule on the Extension Motion First**

14. Plaintiff's preference is that the Court grant the Motion for Extension of Time and defer ruling on this motion. A third motion to dismiss is expected on or about September 21, 2026. If the attached pleading is docketed now, that motion will be directed at it, and any further correction would require a fourth amended complaint. Holding this motion in abeyance until September 28 allows Plaintiff to file one proposed amendment that accounts for all three

motions, consistent with Rule 1 and with the relief requested in the Motion for Extension of Time.

15. Plaintiff therefore asks that, if the extension is granted, the attached pleading be treated as a timely correction under Rule 11(c)(2) but not docketed as the operative complaint, and that Plaintiff be permitted to file a supplemented motion for leave and final proposed Third Amended Complaint by September 28, 2026.

**Local Rule 103.6**

16. In accordance with Local Rule 103.6(a), a clean copy of the proposed Third Amended Complaint is attached as Exhibit A.

**Relief Requested**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

a. Granting Plaintiff's Motion for Extension of Time (ECF 39); holding this motion in abeyance; deeming the attached proposed Third Amended Complaint a timely withdrawal and correction under Fed. R. Civ. P. 11(c)(2) of the matters challenged in Vertex's August 19, 2026 Rule 11 notice, without docketing it as the operative complaint; and permitting Plaintiff to file a supplemented motion for leave and final proposed Third Amended Complaint on or before September 28, 2026;

b. In the alternative, granting leave to amend, directing the Clerk to docket the attached Third Amended Complaint as the operative complaint, and denying the Motions to Dismiss at ECF 24 and ECF 27 as moot; and

c. Granting such other relief as the Court deems just.

A proposed order is attached.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, the foregoing motion was filed electronically with the Clerk of the Court, and that all counsel of record were served electronically.

Fausto Gomez