# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Gomez,

Plaintiff,

v.

Schaffel, *et al.*,

Defendants.

Case No.: 1:26-cv-01445-MJM

**JOINT MOTION OF DEFENDANT VERTEX TL LLC AND THE DEEDHOLDER DEFENDANTS FOR A PRELIMINARY PREFILING INJUNCTION**

Defendant Vertex TL LLC and Defendants Mohamed Dahan Shahbain, Hadaf Anwar Alsamet, and Mohamed Abdo Alnisafi (collectively the "Movants") move under Federal Rule of Civil Procedure 65, the All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent authority for a temporary filing injunction. The requested order would enforce ECF No. 43 and Local Rule 102.1(a)(ii), preserve the operative complaint while the Court decides the pending motions to dismiss, and stop another amendment cycle from consuming resources before the threshold issues are resolved.

Movants request two narrow restraints. First, until Gomez fully complies with ECF No. 43, he may file only the ordered disclosure, responses to pending motions, papers required by the Court, appellate papers, or a paper authorized in advance. Second, until the Court resolves the motions to dismiss at ECF Nos. 24 and 27/29, Gomez may not file another amended or supplemental complaint or another motion seeking leave to amend or supplement. ECF No. 45 and its proposed Third Amended Complaint should remain in abeyance and should not become operative.

The need is immediate. The Rule 11 safe-harbor period expired September 9. On its final day, Gomez asked the Court to treat a nonoperative proposal as a correction, hold it in abeyance, and permit yet another complaint by September 28. ECF No. 45 ¶¶ 13–15. The proposal deletes three counts but keeps grave accusations without identified supporting facts, including that sheriff's employees acted "in exchange for preferential career treatment or other benefits." ECF No. 45-1 ¶ 135. It also leaves unanswered the threshold jurisdictional and preclusion grounds already presented in ECF No. 24.

The burden is concrete and largely unrecoverable. Movants have incurred more than $20,000 responding to the Second Amended Complaint, and each superseding pleading requires another defendant-specific comparison, investigation, and response. *See* n.1. Except for fees caused by conduct that satisfies Rule 11, those defense costs will not be recoverable. The Circuit Court for Baltimore City has twice warned Gomez against deficient, duplicative, and baseless collateral filings, and it twice upheld the deedholders' entitlement to the corrected writ. ECF No. 44 at 2–6 & Exs. A, B, D, E. The Court has now found Gomez's disclosure incomplete and ordered a signed, verified, filing-specific disclosure by September 17. ECF No. 43 at 1–2. No further filing should be accepted before he obeys that order.

The requested injunction is temporary and case-specific. It leaves Gomez free to comply with Court orders, oppose pending motions, seek prior leave for a necessary paper, and pursue appellate review. It simply prevents a litigant who has not obeyed ECF No. 43 from filing around it and prevents a fourth operative complaint, followed by a contemplated fifth, from imposing another round of largely unrecoverable expense before the Court decides whether the existing claims survive.

For these reasons, and those stated in the accompanying memorandum, Movants request that the Court grant the Motion and enter the proposed Order.

Date: September 10, 2026

Respectfully Submitted,

/s/ *Steven Tessler*[1]
Steven Tessler[2]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Counsel for Vertex TL & Deedholders*

**Certificate of Service**

I hereby certify that on September 10, 2026, I electronically filed the foregoing Motion, Memorandum, and proposed Order with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

/s/ *Steven Tessler*
Steven Tessler

[1] The above-signed declares under penalty of perjury that the factual statements in this Motion that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits—including the amount of fees incurred—are true and correct. *See* 28 U.S.C. § 1746. Executed on September 10, 2026.

[2] The above-signed appears solely as counsel for the Deedholders, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See, e.g.*, *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).