# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| Gomez,<br><br>Plaintiff,<br><br>v.<br><br>Schaffel, *et al.*,<br><br>Defendants. | Case No.: 1:26-cv-01445-MJM |

## MEMORANDUM IN SUPPORT OF JOINT MOTION OF DEFENDANT VERTEX TL LLC AND THE DEEDHOLDER DEFENDANTS FOR A PRELIMINARY PREFILING INJUNCTION

## INTRODUCTION

This case needs one fixed pleading long enough for the Court to decide the threshold issues already presented. Motions to dismiss the Second Amended Complaint are ripe. ECF Nos. 24, 27, 29. Yet ECF No. 45 asks the Court to moot them, treat a nonoperative proposed complaint as a Rule 11 correction, hold that proposal in abeyance, and permit another complaint by September 28. ECF No. 45 ¶¶ 13–15 & prayer ¶¶ a–b. Movants should not have to fund another largely unrecoverable response cycle before the Court decides whether Gomez may pursue these claims at all.

Amendment also cannot supply the property interest the proposed claims assume. Maryland law allowed Gomez to maintain possesion only until his right of redemption was finally foreclosed. Md. Code Ann., Tax-Prop. § 14-830(a). After foreclosure and conveyance, the deedholders Gomez admits held title were entitled to a writ of

possession. *Id.* § 14-850. The Circuit Court twice upheld their entitlement to the corrected writ, which remained valid and unstayed when executed. ECF No. 44 at 4–6 & Exs. D–E. Recasting that same injury as inadequate notice or a "surprise eviction" does not create a possessory right, a taking of the real property, or damages for loss of possession.

The requested sequence has two gates. Until Gomez fully complies with ECF No. 43 and Local Rule 102.1(a)(ii), he may file only the ordered disclosure, responses to pending motions, court-required papers, appellate papers, or a paper authorized in advance. Separately, ECF Nos. 45 and 45-1 should remain in abeyance, and no amended or supplemental complaint or amendment motion should be filed until the Court resolves ECF Nos. 24 and 27/29.

The record warrants that pause. The State Court twice warned Gomez against deficient, duplicative, and baseless collateral filings. ECF No. 44 at 2–6 & Exs. 1–2. He filed three federal complaints in less than four months. ECF Nos. 1, 5, 11. Movants have incurred more than $20,000 responding to the present complaint. *See* verification below. The Court has now held Gomez's first disclosure incomplete and ordered a signed, verified, filing-specific response by September 17. ECF No. 43 at 1–2. His proposed complaint still pleads serious accusations collectively, without identifying who did what, where, or when.

## RELEVANT RECORD

On March 20, 2026, the Circuit Court warned that filings "duplicative of issue already adjudicated," facially deficient, or apparently filed with "vexatious or dilatory intent" could lead to sanctions. ECF No. 44 at 2, 4–5 & Ex. 1 at 2. It denied Gomez's

motion to quash because the deedholders were entitled to the corrected writ, then denied his motion to alter or amend that ruling. *Id.* at 5–6 & Exs. 4–5. On August 3, the court warned that "further baseless attempts to collaterally challenge the Court's Orders" could lead to fees and a prefiling injunction. *Id.* at 2, 6 & Ex. 2.

Gomez filed the Second Amended Complaint the next morning. ECF No. 11. Vertex and the public-employee defendants moved to dismiss. ECF Nos. 24, 27, 29. Those motions present threshold questions: whether Rooker–Feldman forecloses federal review of injuries caused by the state foreclosure judgment and possession orders; whether Maryland preclusion bars claims raised, or required to be raised, in the state action; and whether any residual state claims belong in federal court. ECF No. 24-1 at 6–9, 30–31.

Gomez now pleads the attempted escape explicitly. "No case at the state level raises the claims in this Complaint," he says, because "notice failures and injuries arising from the surprise eviction have not been raised in state court." ECF No. 45-1 ¶ 56. But that is the preclusion problem, not its answer. Maryland claim preclusion reaches "any other claim arising from the same transaction or series of transactions" and treats new legal theories as the same claim. *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106, 111 (2005). In a tax-sale challenge, this Court applied that rule because the "Plaintiff did not explicitly seek a declaratory judgment in the state proceedings, but he could have." *Ortiz v. Prince George's Cnty.*, No. 8:21-cv-1169-AAQ, 2025 WL 315963, at *8 (D. Md. Jan. 27, 2025). Notice, surprise, and any asserted defect in execution were either raised in Gomez's repeated attacks on the writ or had to be raised there. The Circuit

Court denied those attacks and left the writ intact. ECF No. 44 at 4–6 & Exs. 4–5. The pending dismissal motions should decide the consequence once, on one operative pleading.

Local Rule 102.1(a)(ii) and the Court's orders require more than a general account of outside help. Gomez's notice identified Donald Pugsley as assisting with public-records requests, translation, and review, but did not identify who assisted with each filing. ECF No. 40. The Court agreed that the response was incomplete. It ordered Gomez, by September 17, to identify every person who prepared or assisted in preparing each filed document, or state clearly that he alone prepared them, and to verify the disclosure under penalty of perjury. ECF No. 43 at 1–2. Compliance should precede any other filing.

ECF No. 45 confirms the recurrence. Gomez received the twenty-one-day Rule 11 safe harbor he identifies. ECF No. 45 ¶¶ 1, 5, 11, 13. That period expired September 9. On its final day, he tendered a proposed complaint that he asks the Court not to make operative, then reserved another rewrite for September 28. *Id*. ¶¶ 13–15. Rule 11 afforded one opportunity to withdraw or correct challenged content. It did not create a rolling amendment schedule.

The proposed pleading shows why the Court should decide the pending motions first. It says two counts were removed although the total falls from sixteen to thirteen, retains a RICO jurisdictional reference after deleting the RICO counts, refers Count XIII to itself, and leaves former defendant Xavier Conaway in the caption. ECF No. 45 ¶ 8; ECF No. 45-1 ¶¶ 8, 145 & caption. More importantly, its accusations remain collective. It

groups "private Defendants" or other sets of defendants, then attributes a conclusion to the group without alleging the specific act, speaker, place, time, or communication for each person. It alleges that sheriff's employees acted "in exchange for preferential career treatment or other benefits" without identifying the benefit, provider, recipient, communication, or agreement. ECF No. 45-1 ¶ 135. It alleges a Tessler profit share on information and belief and admits discovery only "could provide concrete evidence of motive." *Id.* ¶¶ 13, 75, 140. As to Vertex and Schaffel, it identifies no concrete act at a specific time and place that caused a notice failure or unlawful execution. As to Tessler, it converts an application for the corrected writ, counsel communications, and alleged presence[1] during execution into conspiracy without identifying any unlawful agreement. As to the deedholders, it alleges no act that made their reliance on a facially valid, unstayed writ unlawful.

The notice theory does not justify another amendment cycle. Gomez moved repeatedly to quash the writs, knew the corrected writ issued March 4, followed the scheduling dispute, and filed an emergency motion to stop execution. That record establishes actual awareness and an opportunity to object. A technical defect in form or delivery therefore caused no surprise or loss of an opportunity to challenge execution. Nor did Gomez possess the real property interest his taking and damages theories assume. His statutory right to remain ended when redemption was finally foreclosed, Md. Code

[1]Should this action somehow survive to summary judgment, Tessler will establish through competent evidence that he was hundreds of miles from the property when the writ was executed. Gomez's contrary allegation is not merely unsupported; it defies the laws of physics.

Ann., Tax-Prop. § 14-830, and the admitted deedholders were entitled to possession under the corrected writ, *id.* § 14-850; ECF No. 44 at 4–6 & Exs. 4–5. Later landlord–tenant issues cannot change those facts. The proposed complaint concedes that its cited interview did not address tax-sale evictions, relies on a form revised after the March 18 execution, and treats both as mandatory law. ECF No. 45-1 ¶¶ 48–52.

## ARGUMENT

### I. The Court should impose a temporary, narrowly tailored filing restriction.

The All Writs Act authorizes orders "necessary or appropriate in aid of" federal jurisdiction. 28 U.S.C. § 1651(a). That authority includes the power "to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Courts also possess inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

*Cromer* directs courts to consider "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer*, 390 F.3d at 818. Restrictions should be "narrowly tailored to fit the specific circumstances at issue," after notice and an opportunity to be heard. *Id.* at 818–19.

The proposed order satisfies those requirements. This motion supplies notice, and Gomez may respond. Before compliance with ECF No. 43, the order permits the required

disclosure, motion responses, court-directed papers, appellate papers, and filings authorized in advance. After compliance, only amendment-related filings remain paused while the dismissal motions are pending. The order is far narrower than the restriction upheld as the most effective response to abuse of process in *Owen-Williams v. Kwarciany*, No. PX-17-1112, 2018 WL 1316228, at *7 (D. Md. Mar. 13, 2018).

## II. Each *Cromer* factor supports the requested sequencing order.

First, the history is repetitive. After two state-court warnings, Gomez continued postjudgment challenges, filed three federal complaints, and now proposes a fourth followed by another version weeks later. ECF No. 45 ¶¶ 14–15. Changing the label from an invalid writ to inadequate notice or surprise does not change the transaction, the loss alleged, or the state rulings that upheld the deedholders' entitlement.

Second, the objective record raises a substantial good-faith concern. "[R]epeated filings" and "the outrageous nature of the claims made" are "appropriate indicators of an improper purpose." *In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990). Gomez deleted the RICO counts but retained accusations that public employees traded official action for career benefits, Tessler shares Vertex's profits, and the private defendants conspired. ECF No. 45-1 ¶¶ 13, 135, 140. He identifies no exchange, profit payment, or unlawful agreement and pleads the essential conduct against groups rather than people.

Third, the burden is substantial, immediate, and mostly unrecoverable. Movants have incurred more than $20,000 responding to ECF No. 11. *See* n.2. ECF No. 45 would moot existing defense work and trigger another response before the Court rules. Rule 11 may reach fees directly caused by its own violations, but ordinary defense costs are not

recoverable merely because claims fail at the threshold. The threatened injury also includes disruption of ripe motions, duplicated judicial work, and another defendant-specific investigation of a changing pleading.

Fourth, lesser measures have not stabilized the case. Two state-court warnings did not stop the repetition. Three complaints led to a proposed fourth and a promised fifth. ECF No. 43 confirms that Gomez's first disclosure did not comply with ECF No. 35 or Local Rule 102.1(a)(ii). The requested order is the lesser remedy: enforce the disclosure order, preserve one operative complaint, and permit a genuinely necessary paper with prior leave.

**III. The preliminary-injunction factors support interim relief.**

A preliminary injunction requires likelihood of success, likely irreparable harm without interim relief, favorable equities, and consistency with the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Movants satisfy those factors.

Movants are likely to establish entitlement to this limited restriction under *Cromer*. The record contains three complaints, two state-court warnings, two orders upholding the corrected writ, substantial defense expense, unsupported collective accusations, an incomplete disclosure already adjudicated under Local Rule 102.1(a)(ii), and an express plan for more pleadings. The requested relief tracks that conduct exactly.

The threatened injury cannot be repaired fully after another complaint becomes operative. Supersession would disrupt ripe dismissal motions and require another defendant-by-defendant investigation and response before the Court decides whether the claims are barred at the threshold. Fees caused by ordinary defense work, unlike a narrow

subset traceable to a Rule 11 violation, will not be recoverable. A later order also cannot restore judicial time or the procedural posture lost to another superseding complaint.

The equities favor a pause. Gomez retains every fair opportunity to comply with ECF No. 43, defend ECF No. 11, obtain prior leave for a necessary filing, and appeal. Movants avoid another largely unrecoverable response to claims that may be jurisdictionally barred or precluded. The public interest favors obedience to court orders, a stable docket, and one decision on the threshold motions before another amendment cycle.

Because the injunction regulates filing procedure and exposes Gomez to no monetary loss if properly entered, the Court should waive security or set it at a nominal amount. *See Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) (holding court may "set the bond amount as it sees fit or waive the security requirement" ).

**CONCLUSION**

Movants request that the Court enforce ECF No. 43 by barring further filings, subject to the stated exceptions, until Gomez fully complies; preserve ECF No. 11 as the operative complaint; hold ECF Nos. 45 and 45-1 in abeyance; and prohibit another amended or supplemental complaint or amendment motion until the Court resolves ECF Nos. 24 and 27/29 or orders otherwise.

Date: September 10, 2026 Respectfully Submitted,

/s/ *Steven Tessler*[2]
Steven Tessler[3]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Counsel for Vertex TL & Deedholders*

---

[2] The above-signed declares under penalty of perjury that the factual statements in this Memorandum that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits—including the amount of fees incurred—are true and correct. *See* 28 U.S.C. § 1746. Executed on September 10, 2026.

[3] The above-signed appears solely as counsel for the Deedholders, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See*, e.g., *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).