**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FAUSTO GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>VERTEX TL LLC, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-01445-MJM |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT STEVEN TESSLER**

Plaintiff Fausto Gomez, pro se, moves under Fed. R. Civ. P. 4(e)(1) and Md. Rule 2-121(c) for an order authorizing service of the summons and Operative Complaint on Defendant Steven Tessler by (A) e-mail to steven@tesslaw.org; (B) certified mail to 2833 Smith Ave., #138, Baltimore, MD 21209; and (C) certified mail to 3505 W. North Shore Ave., Lincolnwood, IL 60712-3717. Because motions are pending that may change the operative complaint, including Plaintiff's motion for leave to file a Third Amended Complaint (ECF No. 45), Plaintiff will serve the summons with whichever complaint is operative at the time of service. Exhibits A–D are attached.

**FACTS**

1. Mr. Tessler is named individually in the Operative Complaint. He is also counsel of record for Defendant Vertex TL LLC and has filed papers on its behalf in this action. *See* ECF Nos. 23, 24, 44. He receives every filing through CM/ECF.

2. A skip-trace report dated August 12, 2026 lists one current address for Mr. Tessler, 3505 W. North Shore Ave., Lincolnwood, IL 60712-3717, from January 5, 2021 through the report date, and no Maryland residence. Ex. B.

3. A process server attempted service at that address on August 11, 2026 (10:37 a.m. and 7:00 p.m.) and August 19, 2026 (9:57 a.m.). Each time, a person identifying as the resident stated that the subject was "unknown," and a neighbor did not recognize the name. On the third attempt the server noted, "I think they avoid the job." The summons was returned unexecuted on August 20, 2026. Ex. A.

4. On August 28, 2026, Plaintiff e-mailed Mr. Tessler at steven@tesslaw.org, described the attempts, asked for an address at which he could be served, and attached the summons and complaint. Ex. C.

5. Mr. Tessler replied from that address on September 1, 2026. He acknowledged receipt of the "email and attachments," did not deny that the Lincolnwood address is his residence, provided no address for service, and stated that nothing in his response "accepts service or consents to service by email." His signature block lists one business address: 2833 Smith Ave., #138, Baltimore, MD 21209. Ex. C.

6. 2833 Smith Ave. is The Postal Secretary, a commercial mail-receiving agency that rents private mailboxes and advertises "[a] real physical address, not just a P.O Box." Ex. D.

## ARGUMENT

Rule 4(e)(1) permits service on an individual by any method allowed by Maryland law. Md. Rule 2-121(c) provides that when "good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Each condition is met.

*Section (a).* Plaintiff located Mr. Tessler's only known residence, made three attempts at personal and abode service there on different days and at different times, and then asked Mr. Tessler for a service address. Exs. A–C. The occupants deny knowing him, and Mr. Tessler declined to provide an address or accept service. Certified mail, restricted delivery, to the same address would be presented to the same occupants.

*Section (b).* That section requires both mailing to the last known residence and delivery to a person of suitable age and discretion at the defendant's place of business. Mr. Tessler's only listed business address is a rented mailbox. Ex. D. No one at that location is employed by or associated with him, and Plaintiff knows of no other office at which he practices. The second component cannot be performed, so service under section (b) is impracticable.

*Notice.* The requested methods are reasonably calculated to give actual notice. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The e-mail address is the one Mr. Tessler uses as counsel in this case and the one from which he answered Plaintiff within four days, confirming that he reads it and its attachments. Ex. C. The Smith Avenue address is the one he lists for his practice. *Id.* The Lincolnwood address is his residence in public records through August 12, 2026; he was given the opportunity to correct it and did not. Exs. B, C. Mr. Tessler's reply cites *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), and *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087 (4th Cir. 1984), for the point that receipt of a complaint does not substitute for formal service. Ex. C. Plaintiff therefore seeks a court order; service made under it will be formal service under Rule 4(e)(1).

*Rule 4(m).* Plaintiff also requests that the time to serve Mr. Tessler be extended to thirty days after entry of the order. Plaintiff obtained the skip trace, made three service attempts, sought Mr. Tessler's cooperation, and filed this motion promptly after it was refused.

## CONCLUSION

Plaintiff requests an order (1) authorizing service on Defendant Steven Tessler by the three methods above; (2) providing that service is complete, and Mr. Tessler's time to respond begins to run, upon Plaintiff's filing of a declaration that each method has been carried out, with the transmittal e-mail and certified-mail receipts; and (3) extending the time for service under Rule 4(m) to thirty days after entry of the order. A proposed order is attached.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion, Exhibits A–D, were filed electronically with the Clerk of the Court, and that all counsel of record were served electronically.

Fausto Gomez