**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FAUSTO GOMEZ,
Plaintiff,

v. Civil Action No. 1:26-cv-01445-MJM

YISROEL ARYEH SCHAFFEL, et al.,
Defendants

# PLAINTIFF'S VERIFIED DISCLOSURE AND CERTIFICATION UNDER LOCAL RULE 102.1(a)(ii)

Pursuant to Local Rule 102.1(a)(ii) and the Court's Order (ECF 43), Plaintiff Fausto Gomez, appearing without counsel, submits this verified disclosure and certification. Parts I through III state the meaning of "prepared, or assisted in preparing" on which the certification in Part IV is based.

## I. The Rule and How It Is Read

Local Rule 102.1(a)(ii) provides: "Upon inquiry, all parties appearing without counsel must disclose the identity of any individual who has prepared, or assisted in preparing, any documents filed in this Court."

Rules of procedure are interpreted under the same canons as statutes: the words are given their ordinary meaning, effect is given to the whole rule without adding or deleting words, and the reading must be a reasonable one. *Blundon v. Taylor*, 364 Md. 1, 8, 770 A.2d 658, 662 (2001). The Rule does not define "prepared" or "assisted in preparing," and an undefined term takes its ordinary meaning; the fact that a word can bear a broader meaning does not make that meaning the ordinary one, and the broader reading does not control unless context calls for it. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 566, 568–69 (2012).

The sentences on either side of the disclosure requirement address attorneys who prepare documents for self-represented litigants: the sentence before it requires such an attorney to be a

member of the Court's bar and to sign the document, and the sentence after it subjects such an attorney to the Court's disciplinary jurisdiction. Read in that context, the disclosure requirement is directed at authorship of the filing.

**II. Tasks That Constitute Preparing or Assisting in Preparing**

The line Maryland courts draw for the practice of law supplies the standard. *See* L.R. 704. The question is "whether the activity in question required legal knowledge and skill in order to apply legal principles and precedent," and "the preparation of legal documents, their interpretation, the giving of legal advice, or the application of legal principles to problems of any complexity" meets that test. *Attorney Grievance Comm'n v. Brisbon*, 422 Md. 625, 641, 31 A.3d 110, 120 (2011) (internal quotation marks omitted). Choosing which forms to use and what to include also qualifies, as those choices "can turn on subtle facts that may not be apparent to those without legal training." *Id.* at 639 (internal quotation marks omitted).

Accordingly, a person prepares or assists in preparing a document when he or she drafts or edits its substantive text; decides what claims, defenses, or arguments it will present; selects the legal authorities it cites or analyzes how they apply to the facts; or reviews a draft and directs changes to its content.

**III. Tasks That Do Not**

*Brisbon* contrasts the practice of law with "purely mechanical type functions." *Brisbon*, 422 Md. at 638 (internal quotation marks omitted). Filing a paper is a "ministerial" act, *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972), and filing is delivery of a paper already made, distinct from its preparation. *Blundon*, 364 Md. at 11–12. Written translation is a function separate from authorship; a document translator is "more akin to an expert or consultant retained by a party to

decipher documentary evidence" than to a participant in the proceeding. *Taniguchi*, 566 U.S. at 574.

Under these authorities, clerical or logistical help that does not affect the substance of a filing does not constitute preparing or assisting in preparing a document.

Reading the Rule to reach such help would add words it does not contain, *Blundon*, 364 Md. at 8, and would burden the right of access to the courts recognized in *McCray*, 456 F.2d at 6.

**IV. Certification**

Plaintiff Fausto Gomez certifies that no person other than himself prepared or assisted in preparing any document he has filed with the Court in this action. He declares under penalty of perjury that this certification is true and correct.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically and that all counsel of record were served electronically.

Fausto Gomez