**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Gomez,<br><br>Plaintiff,<br><br>v.<br><br>Schaffel, *et al.*,<br><br>Defendants. | Case No.: 1:26-cv-01445-MJM |

# DEFENDANTS VERTEX TL LLC AND THE DEEDHOLDERS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants Vertex TL LLC ("Vertex") and Mohamed Dahan Shahbain, Hadaf Anwar Alsamet, and Mohamed Abdo Alnisafi (the "Deedholders") oppose Plaintiff's Motion for Leave to File Third Amended Complaint, ECF No. 45. Vertex incorporates its Motion to Dismiss and memorandum by reference. *See* ECF Nos. 24 and 24-1; F.R.C.P. 10(c). Any amendment would be futile. The proposed pleading does not cure the defects identified in ECF No. 24, and it rests on a representation to this Court that Gomez's own appellate brief disproves.

## I. Any amendment would be futile.

Leave to amend "should be denied" when it "would be prejudicial to the opposing party, there has been bad faith," or the proposed "amendment would [] be[] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Futility is apparent if the proposed amended

complaint fails to state a claim under the applicable rules and accompanying standards. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

The proposed complaint fails that test for the reasons set out in ECF No. 24. It still treats lawful tax-sale activity, deeds, resales, and litigation as proof of criminal conduct without facts supporting that conclusion. It still seeks to use this Court to invalidate or disregard state-court foreclosure and writ rulings. It still relies on collective and conclusory allegations rather than specific facts identifying what Vertex or any Deedholder did. The fraud allegations likewise omit the "time, place, and contents" of any alleged misrepresentation, its speaker, and what the speaker obtained. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing F.R.C.P. 9(b)).

The proposed pleading also preserves the chronology that defeats liability. Gomez alleges Vertex conveyed title on December 3, 2025. Proposed Third Am. Compl. ¶ 27. He alleges that the Circuit Court quashed the January writ issued in Vertex's name, then a different writ issued to the Deedholders on March 4, 2026. *Id.* ¶¶ 28–30. On Gomez's own account, Vertex did not own the Property or hold the operative writ when the alleged March 18 execution occurred. *Id.* ¶¶ 27–30, 39–40. The complaint alleges that Tessler sought the March 4 writ "on behalf of the current deed holders" and that the Clerk issued it. *Id.* ¶ 30. Seeking possession under a court-issued writ is protected petitioning. The Petition Clause "immuniz[es] citizens from the liability that may attend the exercise of that right." *Navient Sols., LLC v. Lohman*, 136 F.4th 518, 522–23 (4th Cir. 2025). The

complaint supplies no basis to impose liability on Deedholders for the Sheriff's separate execution of that writ. *Id.* ¶¶ 39–40.

Removing the RICO counts does not repair those defects. The proposed complaint still does not plausibly allege that Vertex or any Deedholder acted under color of state law, personally committed a constitutional deprivation, committed a tort, joined an actionable conspiracy, or caused the claimed injuries. The state-law question whether the March 4 writ authorized possession is already before the Appellate Court of Maryland.

Gomez is a "state-court loser[] complaining of injuries caused by state-court judgments . . . inviting district court review and rejection of those judgments." *T. M. v. Univ. of Maryland. Med. Sys. Corp.*, 146 S. Ct. 1739, 1754 (2026). *T. M.* also holds that *Rooker-Feldman* applies regardless of whether the state-court judgment remains subject to further review in state appellate proceedings. *Id.* The Court need not make an *Erie*-guess while that appeal remains pending because "[t]he pendency of an appeal" does not affect the judgment's finality for *res judicata* purposes. *Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md. App. 504, 525 (2004). If Gomez's claims require that issue to be resolved, he is litigating it there and cannot relitigate it here. The proposed complaint changes the number of counts and adds conclusory allegations. It does not state a claim.

Even assuming, *arguendo*, that Gomez's factual allegations were all true, amendment would still be futile because he cannot plead cognizable damages. Every claimed injury—loss of the building, its contents, and his business—flows from the March 18 eviction. But Gomez's own pleading admits that Vertex "on March 6, 2025

obtained a judgment foreclosing Plaintiff's right of redemption," and that the Deedholders purchased the deed on December 3, 2025, Proposed Third Am. Compl. ¶¶ 19–21. The dispossession he complains of was therefore the product of the foreclosure judgment, not of any defect in the writ that executed it. He cannot show that the alleged procedural defects caused his claimed losses, because the judgment would have dispossessed him regardless. For his procedural-due-process claims in particular, that causal link is an element of damages: a plaintiff must prove the denial of process caused actual injury, and where the outcome would have been the same, only nominal damages are available. *Carey v. Piphus*, 435 U.S. 247, 260, 266 (1978). Gomez's damages theory is that he should have kept property the foreclosure judgment says is not his. That is not a cognizable injury, and a complaint that cannot plead damages caused by the defendants states no claim.

The Court should also require compliance with its September 10 Order if it permits any renewed amendment request. ECF No. 49 requires both a clean proposed complaint and a comparison copy identifying every change from the operative pleading. ECF No. 45 preceded that Order. Thus, even if the Court does not deny leave outright, any further request should be submitted anew with the materials ECF No. 49 requires.

**II. Gomez's representation cannot be reconciled with his appellate brief.**

Gomez tells this Court that "[n]o case at the state level raises the claims in this Complaint" and that the alleged notice failures and injuries "have not been raised in state court." Proposed Third Am. Compl. ¶ 56. That representation is false.

Gomez's currently operative appellate brief says this appeal "is concerned with the legal requirements for a party to be issued a writ of possession." *Gomez v. Vertex TL LLC*, No. ACM-REG-0512-2026, Appellant's Br. 1 (App. Ct. Md. filed Sept. 4, 2026).[1] Its first question asks whether a writ could issue to the Deedholders after their private conveyance from Vertex; its second asks whether the Clerk could issue a writ to persons who "are not parties to the action and who hold no judgment awarding possession." *Id.* at 2. Gomez presses the same position on the merits: "the Third Writ was invalid when issued: the Clerk issued it for non-parties who held no judgment." *Id.* at 5-6. He says the Deedholders "were legal strangers" when the writ issued, and he identifies its execution as "Mr. Gomez's eviction on March 18." *Id.* He asks the Appellate Court of Maryland to hold the writ invalid and order it quashed. *Id.* at 10.

The proposed complaint recycles that precise dispute. It says Vertex "conveyed the deed and title" to the Deedholders on December 3, 2025; alleges that Tessler sought the March 4 writ "on behalf of the current deed holders"; and says the Sheriff's Office "executed the eviction anyway." Proposed Third Am. Compl. ¶¶ 27, 30, 39. It cannot plausibly say that no Maryland case raises these claims while its operative appellate brief asks the Maryland appellate court to decide whether the same writ, issued to the same Deedholders, was void from inception.

---

[1] This Court may judicially notice "matters of public record" like filings on another docket. *See*, *e.g.*, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see* Fed. R. Evid. 201(b)(2).
A public copy of Gomez's filed appellate brief is linked here for the Court's convenience." *See* https://drive.google.com/file/d/1RS5VjE2pOj8DGbvIefPd-_00K7v0RWOs/view

Further, contrary to Gomez's assertion, Gomez *received notice* substantially more than 30 days before the eviction. *See* **Exhibit A** (showing the first round of pre-filing notices that were sent out). He also had *actual knowledge* of the pending eviction—which is sufficient for notice purposes in tax lien matters—as his attorney expressly declined to stay efforts seeking to obtain possession. TP, § 14-839(a)(5); **Exhibit B** (showing Gomez declining to post a *supersedeas* bond to stay the judgment).[2]

Because Gomez has presented those theories in state court, they are barred here. Maryland prohibits "parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been—but was not—raised in the first suit." *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106 (2005). "Legal theories may not be divided and presented in piecemeal fashion." *Id.* at 109. The pending appeal "does not affect the finality of a judgment for *res judicata* purposes." *Campbell,* 157 Md. App. at 525 (2004). If he denies raising them, his statement to this Court cannot be reconciled with his appellate brief. That contradiction—and attending behavior—also bears on whether the proposed complaint was presented for a proper purpose and, in connection with the pending Rule 11 motion,

---

[2] Although the email's subject line states that it is "not to be used as evidence," that unilateral designation does not determine admissibility under Maryland law. *See* Md. Rule 5-402 (providing that relevant evidence is admissible except as otherwise excluded by law); Md. Rule 5-408(a), (c) (defining when compromise evidence is inadmissible and expressly permitting its admission for other purposes); Fed. R. Evid. 408(a)–(b) (limiting the exclusion of compromise evidence to specified uses, including proving or disproving the validity or amount of a disputed claim, and expressly permitting such evidence when offered for another purpose).

In any event, Plaintiff has himself repeatedly submitted and relied upon this same email as an exhibit in this litigation universe. *See*, *e.g.*, Reply Brief of Appellant at 50, *Gomez v. Vertex TL LLC*, No. ACM-REG-1791-2025 (Md. App. Mar. 17, 2026).

whether sanctions or, at minimum, a warning is needed to deter further frivolous filings. Fed. R. Civ. P. 11(b)(1), (c)(4).

**WHEREFORE**, Defendants Vertex TL LLC and the Deedholders respectfully request that the Court deny Plaintiff's Motion for Leave to File a Third Amended Complaint as futile and, to the extent applicable, barred by *res judicata*; or, *alternatively*, require any renewed amendment to comply with ECF No. 49 by including a clean proposed complaint and a complete comparison copy; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Steven Tessler*[3]
Steven Tessler[4]
#2404221006
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Attorney for Defendants*
*Vertex TL LLC and*
*the Deedholders*

---

[3] The above-signed declares under penalty of perjury that the factual statements in this Motion that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits—including the amount of fees incurred—are true and correct. *See* 28 U.S.C. § 1746. Executed on September 10, 2026.

[4] The above-signed appears solely as counsel for the Deedholders, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See*, *e.g.*, *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of September, 2026, a copy of the foregoing was served on all parties of record through EM/CF.

/s/ *Steven Tessler*
Steven Tessler