**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FAUSTO GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>YISROEL ARYEH SCHAFFEL, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-01445-MJM |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT YISROEL ARYEH SCHAFFEL AND FOR EXTENSION OF TIME TO COMPLETE SERVICE**

Plaintiff Fausto Gomez, pro se, moves under Fed. R. Civ. P. 4(e)(1) and Md. Rule 2-121(c) for an order authorizing service of the summons and Second Amended Complaint on Defendant Yisroel Aryeh "Ari" Schaffel by email to ari@vertextl.com and by certified mail, return receipt requested, to 2814 Hanson Avenue, Baltimore, Maryland 21209, and under Fed. R. Civ. P. 4(m) for a 30-day extension of time to complete that service. The motion is supported by **Exhibits A through C.**

**BACKGROUND**

1. The Second Amended Complaint was filed August 4, 2026 (ECF No. 11). Per the affidavit of process server Lennard Roberts, he received the summons and complaint on August 7, 2026, and attempted service at 2814 Hanson Avenue, Baltimore, Maryland 21209 five times between August 9 and August 12, 2026. **Ex. A**. The affidavit states that on August 9, the person who answered the door refused to say whether Mr. Schaffel lived there; that on the evening of August 11, a woman saw the server through the window and did not come to the door; and that on August 12, a resident the server recognized from earlier attempts, who had closed the curtain while

he knocked, drove off as he approached. Id. The server returned the summons unexecuted on August 12, 2026. Id.

2. On August 28, 2026, at 3:52 PM, Plaintiff emailed Mr. Schaffel at ari@vertextl.com under the subject line "Service of Process for Ari Schaffel Case No. 1:26-cv-01445," described the service attempts, asked him to provide an address for service or to have the occupants at Hanson Avenue accept the papers, and attached the summons and Second Amended Complaint. **Ex. B**.

3. At 6:11 PM the same day, Mr. Schaffel replied from ari@vertextl.com. **Ex. B**. He wrote that he did "not consent to service of process by email" and that "my receipt of that transmission" did not constitute acceptance or waiver of service. He further wrote: "I believe Vertex intends to serve you with a Rule 11 letter at some point. If and when I am brought under the court's jurisdiction, I intend to do the same. Your complaint does not plead a single act that I took in the capacity in which you have named me. I will address that deficiency through the appropriate Rule 11 and procedural channels, including under Rule 12(b)(5) where applicable." Id.

4. Mr. Schaffel's reply shows that ari@vertextl.com reaches him personally and that he answered within about two hours; that he received the summons and Second Amended Complaint; that he knows this action and its case number; that he knows the claims against co-defendant Vertex TL LLC; and that he has read the Second Amended Complaint. **Ex. B**. The reply did not deny that 2814 Hanson Avenue is his residence and did not give any address for service. Id. A skip-trace report dated August 27, 2026 lists 2814 Hanson Avenue as Mr. Schaffel's current address (September 25, 2019 to present) and no more recent address. **Ex. C**. No place of business for Mr. Schaffel has been identified; upon information and belief, the only publicly listed address

for Vertex TL LLC, Mr. Schaffel's employer, is that of its resident agent. Mr. Schaffel has not been served and has not appeared.

## ARGUMENT

### A. Alternative service under Md. Rule 2-121(c)

Rule 4(e)(1) permits service by following the law of the forum state. Md. Rule 2-121(c) provides that when proof is made by affidavit that good-faith efforts under section (a) have not succeeded and that service under section (b) is inapplicable or impracticable, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." On that showing the court "is free to customize a method of service based on the facts and circumstances," *Pickett v. Sears, Roebuck & Co.*, 365 Md. 67, 81, 775 A.2d 1218, 1225–26 (2001) (construing identically worded Rule 3-121(c)), so long as the method "is not substantially less likely to bring home notice than other of the feasible and customary substitutes," *id.* at 84 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950)). This Court has ordered alternative service under Rule 2-121 on an individual aware of the litigation after repeated documented attempts. *G&G Closed Circuit Events, LLC v. Elevation Cigars & Lounge LLC*, No. DKC-23-2477, ECF No. 26 (D. Md. Sept. 25, 2024).

Good-faith efforts under section (a) have not succeeded. Five attempts at personal and abode service over four days failed, with occupants declining to answer or leaving as the server approached. **Ex. A**. Section (c) requires good-faith efforts under section (a), not an attempt at each method it lists; certified mail under section (a)(3) requires restricted delivery to Mr. Schaffel personally, and the occupants of 2814 Hanson Avenue did not answer the door for the server. **Ex. A**

Section (b) is impracticable. It requires delivery at the defendant's place of business. None has been identified for Mr. Schaffel, and Vertex TL LLC's only address of record with SDAT is a resident agent's, not a place where Mr. Schaffel can be found. A plaintiff is not required to attempt

section (b) service before showing by affidavit that it is inapplicable or impracticable. *Pickett*, 365 Md. at 87–88.

The requested methods are reasonably calculated to give actual notice. The email address has already delivered the summons and complaint to Mr. Schaffel, and he used the same address to respond the same day; it is more likely, not less, to bring home notice than the customary substitutes. **Ex. B**. Rule 2-121(c) does not require the defendant's consent. Certified mail to 2814 Hanson Avenue, an occupied address at which service was attempted, which Mr. Schaffel did not dispute, and which the skip trace identifies as his current residence, adds a second channel with a delivery record. **Exs. A, B, C**.

### B. Extension of time under Rule 4(m)

The complaint naming Mr. Schaffel was filed April 14, 2026 (ECF No. 1). By Order of July 10, 2026 (ECF No. 7), the Court extended the time to effect service to October 8, 2026. Rule 4(m) requires an extension on a showing of good cause and permits one in the Court's discretion without it. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). Plaintiff's process server received the summons three days after the Second Amended Complaint was filed and made five attempts, and Plaintiff then sought a service address from Mr. Schaffel, who provided none. **Exs. A, B**. Mr. Schaffel has had the Second Amended Complaint since at least August 28, 2026, so an extension will not prejudice him. Plaintiff requests 30 days from the date of the Court's order to complete service by the methods authorized.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter the attached proposed order:

(1) authorizing service of the summons, the Second Amended Complaint, and the Court's order on Defendant Yisroel Aryeh Schaffel by email to ari@vertextl.com and by certified mail, return receipt requested, to 2814 Hanson Avenue, Baltimore, Maryland 21209;

(2) providing that service is complete upon Plaintiff's filing of proof that both methods have been carried out;

(3) extending the time to complete service on Mr. Schaffel to 30 days from the date of the order; and

(4) granting such other relief as the Court deems just.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing document and exhibits were filed electronically and that all counsel of record were served electronically.

Fausto Gomez