IN THE UNITED STATES DISTRICT COURT

**DISTRICT OF MARYLAND**

| | |
|---|---|
| Gomez,<br><br>Plaintiff,<br><br>v.<br><br>Schaffel, *et al.*,<br><br>Defendants. | Case No.: 1:26-cv-01445-MJM |

# DEFENDANT VERTEX TL LLC'S RENEWED MOTION TO COMPEL COMPLIANCE, FOR EXPEDITED DISCOVERY, TO STAY PROCEEDINGS, FOR CONDITIONAL SANCTIONS, AND, IN THE ALTERNATIVE, FOR A PRELIMINARY PREFILING INJUNCTION

The Court asked who wrote Gomez's filings. Gomez filed three polished pages explaining why the Court's question does not count. The only thing missing is the answer.

Therefore Defendant Vertex TL LLC requests enforcement of the Court's September 1 Local Rule Enforcement Order ("September 1 Order," ECF No. 35) and September 8 Disclosure Order ("September 8 Order," ECF No. 43). Gomez's latest Verified Disclosure and Certification ("Purported Certification," ECF No. 54) supplies the changed circumstance supporting this renewed motion.

## I. Gomez replaced the Court's simple factual question with a convoluted definition of his own.

The September 1 Order required Gomez to identify "each individual who has prepared, or assisted in preparing, all documents Gomez has filed." September 1 Order ¶ 2. Gomez's September 8 Local Rule Disclosure ("Initial Disclosure," ECF No. 40) admitted that Donald Pugsley submitted public-records requests, gathered records, and reviewed translations, but did not identify the filings to which that assistance related. *Id.* at 1.

This Court found that response incomplete. The September 8 Order directed Gomez to identify each person who prepared or assisted in preparing each document. If Gomez alone performed that work, he had to say so "in those clear terms." September 8 Order at 1–2.

Gomez responded with three pages explaining why various forms of assistance should not count. The Purported Certification announces that Parts I through III establish "the meaning of 'prepared, or assisted in preparing' on which the certification in Part IV is based." Purported Certification at 1. Gomez then imports a practice-of-law standard, excludes assistance he characterizes as clerical, logistical, or translational, and certifies only against the definition he wrote for himself. *Id.* at 2–3.

Gomez did not comply with this Court's order. Instead he attempted to litigate the definition of "assistance" to avoid disclosing the assistance. The brief came with polished Bluebook citations. It did not come with an answer.

Local Rule 102.1(a)(ii) does not limit disclosure to attorneys, legal advice, or work amounting to the practice of law. It requires disclosure of "any individual" who prepared or assisted in preparing a filing. Its surrounding sentences expressly use "attorney." Gomez's construction erases that deliberate difference and again conceals whether Pugsley's admitted research, records gathering, and translation review contributed to particular filings.

Vertex requests a final command that leaves nothing to redefine. Gomez should be ordered, no later than Monday, September 21, 2026, to:

> File a declaration under penalty of perjury that separately identifies every document he has filed by docket number and title and, for each document, identifies every individual who prepared or assisted in preparing it. For each individual and filing, Gomez must state the individual's full name, whether the individual is an attorney, and the work performed.
>
> "Assistance" should expressly include drafting, dictating, revising, editing, proofreading, translating or reviewing a translation of filing text; finding, selecting, supplying, checking, or explaining legal authorities; developing or recommending arguments; obtaining, selecting, organizing, or summarizing records for use in a filing; and directing or reviewing any of those tasks. Gomez must disclose that work whether paid or unpaid, direct or indirect, and regardless of whether he calls it informal, clerical, logistical, translational, or something other than legal advice. He must specifically identify each filing to which Pugsley's work contributed. He may not incorporate the definitions or exclusions in the Purported Certification.

(the "Unqualified Disclosure Directive")[1]. That specificity is necessary because the two Orders have already produced two evasions. Without it, the Court will spend

[1] Vertex is in no way suggesting that either prior Order of this Court was unclear. The Court ordered a straightforward factual disclosure. Gomez answered by litigating definitions and exclusions of his own invention rather than supplying the requested facts. The proposed Unqualified Disclosure Directive is therefore necessary to eliminate further semantic evasion and secure the compliance the Court has already ordered.

another round litigating Gomez's definitions instead of receiving the disclosure it ordered.

## II. The record gives this Court reason to verify who is preparing Gomez's papers.

Gomez's communications during the September 15 status conference displayed a marked disparity between his demonstrated understanding of the issues and the professionally structured papers filed in his name. September 15 Status-Conference Order ("Status-Conference Order," ECF No. 52). Verification is necessary to determine who actually selected the authorities, developed the arguments, and prepared the papers.

This Court heard Gomez discuss the case in real time and can compare that presentation with papers integrating federal statutory construction, Maryland unauthorized-practice doctrine, Supreme Court translation precedent, a Fourth Circuit access-to-courts decision, bluebook styling, and pincites.[2] Gomez's first state-court filing, is a second contemporaneous point of comparison. *See*, *e.g.*, **Exhibit A** (showing a filing Gomez made that is in line with what one would expect from someone who lacks formal legal training) (the "Real *Pro Se* Filing"). The status conference, the Real *Pro Se* Filing, and the professionally prepared federal papers form one record. Together, they warrant a narrow inquiry into exactly who prepared the filings.

Other courts have confronted this issue. When a self-represented litigant who represented that she did not speak English submitted a brief containing "accurate citations to the record and legal authority" that was "otherwise legally sophisticated," the Tenth

[2] Vertex ***is not*** asking this Court to infer authorship from Gomez's accent, national origin, or ordinary difficulty communicating in English.

Circuit inferred assistance and directed any assisting attorney to disclose that participation. *Velasquez-Sierra v. Garland*, No. 22-9556, 2023 WL 7179437, at *3 n.5 (10th Cir. Nov. 1, 2023). Another court expressly ordered that defendants could "conduct discovery into whether Plaintiffs have obtained the assistance of any undisclosed attorney so the Court can determine what actions should be taken regarding that." *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3846539, at *1 (N.D. Tex. Sept. 5, 2012).

Here there is more. Gomez admitted Pugsley's involvement. This Court found the resulting disclosure incomplete. Gomez responded to the corrective Order by briefing why the admitted assistance falls outside a definition this Court never adopted—and frankly makes little sense. The Court need not guess; it should demand full disclosure.

## III. The record supports an inference of deliberate concealment and bad faith.

The pending Rule 11 Sanctions Motion ("Rule 11 Motion," ECF No. 44) documents repeated collateral attacks, unsupported accusations of criminal conduct, and disregard of prior warnings. The Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint ("Opposition to Amendment," ECF No. 55) identifies one concrete example of the same behavior.

Gomez's proposed Third Amended Complaint represents that "[n]o case at the state level raises the claims in this Complaint" and that the alleged notice failures and injuries "have not been raised in state court." Proposed Third Am. Compl. ¶ 56. His operative appellate brief asks the Appellate Court of Maryland to decide whether the same writ, issued to the same Deedholders, and used in the same March 18 eviction was

invalid from inception. Opposition to Amendment at 4–6. The statements cannot coexist. A dispute Gomez is actively asking Maryland's appellate court to decide has been raised in state court.

That is but one example of a broader and troubling pattern of vexatious and pernicious litigation. Gomez told this Court that no state case raises the dispute while actively asking Maryland's appellate court to decide it. One representation is false. Both were presented in Gomez's name.

The same method appears here. This Court ordered a factual disclosure. Gomez supplied a definition engineered to exclude the facts. This Court found his first response incomplete. Gomez returned with a more elaborate version of the same evasion. His persistence is not confusion. It is disobedience.

Concealment also prevents this Court from identifying who must answer for the papers. Undisclosed attorney drafting "effectively nullifies the certification requirement of Rule 11." *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). Local Rule 102.1(a)(ii) likewise subjects an attorney who prepares a self-represented party's filing to this Court's disciplinary jurisdiction. Gomez's narrowing of the disclosure therefore frustrates the accountability the Rule was written to preserve and secures for Gomez a liberal construction that professionally prepared papers do not warrant. Substantial undisclosed legal assistance "both inappropriately shields the attorney from accountability for his actions and affords the pro se party the unwarranted benefit of a liberal construction of her filings." *Velasquez-Sierra*, 2023 WL 7179437, at *3 n.5.

An innocent assistant performing innocent work has no apparent reason to remain concealed after two disclosure Orders. Disclosure would identify whoever selected the authorities, framed the arguments, and helped present filings that contradict one another across tribunals. It would also place that person within the reach of the signature requirement, Rule 11, and this Court's disciplinary authority. Concealment avoids all three.

The Fourth Circuit permits this Court to consider "[c]ircumstantial facts surrounding the filing" as evidence of improper purpose. *In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990). The Real *Pro Se* Filing provides another contemporaneous comparison. Gomez's admitted assistance, filing-specific omissions, contradictory representations, and repetition of the same exclusions after a corrective Order support the reasonable inference that he and whoever is assisting him understand that the filings are sanction-exposed and do not want the responsible person identified.

## IV. Expedited discovery must begin now, and everything else should stop.

To the extent this Court requires evidence beyond the status conference, Real *Pro Se* Filing, Gomez's admissions, the qualified Purported Certification, and his contradictory representations, Vertex requests expedited discovery confined to preparation of his filings and compliance with the Disclosure Orders.

This Court must "conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Rules 26(d)(1), 30(a)(2)(A)(iii), and 34(b)(2)(A), together with Local Rule 104.4, authorize discovery before the ordinary opening of discovery and permit shortened

response periods. This Court applies "a standard based upon reasonableness or good cause, taking into account the totality of the circumstances." *Courthouse News Serv. v. Harris*, No. CV ELH-22-548, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022).

Good cause is established. The information is narrow, unavailable from any disinterested source, and principally within Gomez's and Pugsley's control. Vertex requests a verified filing-by-filing identification of assistance; preservation and production of nonprivileged records sufficient to identify each preparer, the assistance provided, and the affected filing, including existing author and version metadata; a specific privilege log; and two-hour remote depositions of Gomez and Pugsley limited to authorship, assistance, disclosure, and compliance.

Everything else should be stayed until that inquiry is complete. All amendment, service, merits, briefing, and response deadlines should halt. Only compliance with this Court's disclosure and discovery Orders should proceed. This Court's docket-management power exists to secure "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). There is no reason to litigate another proposed complaint, another service motion, or another merits deadline while the persons preparing those papers remain concealed in violation of two Orders.

## V. Continued disobedience warrants contempt, compensatory fees, and dismissal.

Civil contempt requires clear and convincing evidence of a known valid order, a knowing violation, and resulting harm. *United States v. Ali*, 874 F.3d 825, 831 (4th Cir.

2017) (requiring "clear and convincing evidence"). That standard is met here: Gomez received both Orders, the Court expressly found his first disclosure incomplete and directed him to identify each person who assisted with each filing, yet he responded to the corrective Order by adopting his own narrower definition of "assistance" and again withholding the filing-specific information the Court required. His continued noncompliance has forced Vertex to seek enforcement twice and incur the resulting fees and expenses. This Court should therefore order Gomez to show cause why his qualified response does not violate the September 1 and September 8 Orders.

This Court may assess fees for the "willful disobedience of a court order." *Chambers*, 501 U.S. at 45. Civil-contempt authority "includes the ability to award damages and attorney's fees to an aggrieved party." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018). Vertex therefore requests the reasonable fees and expenses caused by Gomez's noncompliance, including the prior enforcement motion, this Motion, and any necessary compliance discovery. The award should include "the portion of [Vertex's] fees that [it] would not have paid but for" the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017).

If Gomez does not comply by September 21, this Court should also impose a coercive civil-contempt fine of $100 for each day of continued noncompliance. The fine should cease immediately upon full compliance. That purge condition makes the sanction coercive, not punitive: Gomez controls whether he pays it.

Rule 41(b) supplies the endpoint if he still refuses. An "explicit warning" that noncompliance will result in dismissal is "a critical fact." *Ballard v. Carlson*, 882 F.2d 93,

95–96 (4th Cir. 1989). On strikingly similar facts, the Eleventh Circuit affirmed dismissal with prejudice after self-represented litigants with limited English skills submitted sophisticated papers, admitted that a legally trained relative helped draft them, and then refused to comply with a disclosure order. "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017).

Gomez has had two Orders and two opportunities. Vertex has had to seek enforcement twice. This Court should now set a deadline with consequences.

## VI. *Alternatively*, a temporary prefiling injunction should preserve this Court's process.

If this Court does not stay the action outright, Vertex alternatively requests a temporary prefiling injunction under the All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

The relevant considerations are Gomez's litigation history; whether he has acted in good faith or intends harassment; the burden imposed on the opposing party and this Court; and whether lesser sanctions will protect the judicial process. Any restriction must be "narrowly tailored to fit the specific circumstances at issue." *Cromer v. Kraft Foods N. America, Inc.*, 390 F.3d 812, 818–19 (4th Cir. 2004).

Each consideration supports temporary relief. Gomez has repeatedly repackaged the same attack across state and federal proceedings. He has made contradictory representations about those proceedings, preserved grave accusations without identified

support, and resisted two direct disclosure Orders. Each new paper requires review and response while the identity of its preparer remains concealed. Lesser measures have not worked. This Court asked once, ordered disclosure, found the response incomplete, and ordered disclosure again.

The requested restriction is narrow. Until Gomez fully complies and the expedited inquiry is complete, he should be required to obtain leave before filing any new affirmative motion, amended pleading, supplemental pleading, or new federal action in this District arising from the 229 North Monroe foreclosure, possession writ, or March 18 eviction. The restriction should not bar the ordered disclosure, compliance discovery, responses expressly required by this Court, responses to dispositive or sanctions motions, a motion to modify the restriction, a notice of appeal, or a genuinely necessary emergency filing.

Any request for leave should attach the proposed paper and a declaration under penalty of perjury that identifies every person who assisted in preparing it, confirms that the paper is nonduplicative and presented for a proper purpose, and identifies and explains any position inconsistent with Gomez's prior federal or state-court filings.

This is a filing gate, not a filing ban. It preserves access to this Court while ensuring that the next paper comes with the accountability the Local Rule and two Orders already require. If Rule 65(c) applies, this Court should expressly waive security because the restriction creates no cognizable monetary risk to Gomez, or alternatively set security at $1.00.

**WHEREFORE**, Vertex respectfully requests that this Court: (1) find the Purported Certification incomplete; (2) require Gomez to fully comply with the Unqualified Disclosure Directive, under penalties of perjury, by September 21, 2026; (3) stay all other proceedings until the Unqualified Disclosure Directive is fully complied with; (4) authorize the limited expedited discovery described above; (5) order Gomez to show cause why he should not be held in civil contempt; (6) award Vertex the reasonable fees and expenses caused by the noncompliance; (7) impose a coercive fine of $100 per day if noncompliance continues after September 21; (8) administratively close the action, or dismiss it without prejudice subject to reopening upon full compliance, if Gomez misses that deadline; (9) expressly warn Gomez that continued noncompliance through October 17, 2026, will result in dismissal with prejudice under Rule 41(b); (10) alternatively, enter the temporary prefiling injunction described above; and (11) grant such other relief as justice requires.

Respectfully submitted,

/s/ *Steven Tessler*[3]
Steven Tessler[4]
#2404221006
Tess Law LLC

---

[3] Plaintiff notes that by default all citations are cleaned up and emphasis is added unless otherwise noted. Further, the above-signed declares under penalty of perjury that the factual statements in this Motion that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits—including the amount of fees incurred—are true and correct. *See* 28 U.S.C. § 1746. Executed on September 17, 2026.

[4] The above-signed appears solely as counsel for the Deedholders, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See*, *e.g.*, *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).

2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Attorney for Defendant Vertex*

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of September, 2026, a copy of the foregoing was served on all parties of record through EM/CF.

/s/ *Steven Tessler*
Steven Tessler