**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FAUSTO GOMEZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:26-cv-01445-MJM |
| YISROEL ARYEH SCHAFFEL, *et al.*, | * | |
| Defendants. | * | |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT EARL McQUEEN AND FOR EXTENSION OF TIME TO SERVE**

Plaintiff Fausto Gomez, proceeding pro se, moves under Fed. R. Civ. P. 4(e)(1) and Maryland Rule 2-121(c) for an order authorizing alternative service of the summons and Second Amended Complaint on Defendant Earl McQueen, and under Fed. R. Civ. P. 4(m) for an additional 30 days to complete service. In support, Plaintiff states:

**BACKGROUND**

1. The Clerk issued a summons for Defendant McQueen on July 10, 2026 (ECF 8). The operative pleading is the Second Amended Complaint (ECF 11).

2. A skip-trace report obtained August 27, 2026 identifies 111 Aspinwood Way, Apt. C, Rosedale, Maryland 21237-4226 as Defendant McQueen's current residence (June 2019 to present) and lists (347) 569-3416 as his mobile telephone number. (Exhibit C.)

3. Process server Funso Osegbohun received the summons and Second Amended Complaint on August 7, 2026 and attempted personal service at that address on August 8 (6:11 p.m.), August 10 (9:00 a.m.), August 11 (8:13 p.m.), and August 12, 2026 (7:59 p.m.). On each attempt the server could not enter the secured building, and waited and called the available phones and call box without response. On August 8 the server also called Defendant McQueen's telephone number (ending in 3416) without answer. (Exhibit A, sworn return.)

4. A second process server, Venessa White, received the papers on August 28, 2026 and attempted service at the same address on September 4, 2026 (8:51 a.m.) and September 5, 2026 (12:05 p.m.). No contact was made on either attempt because an entry code was required to enter the property. (Exhibit B, sworn Affidavit of Non-Service.) In total, two process servers made six attempts on six days, at morning, midday, and evening hours.

5. Plaintiff does not know a place of business at which Defendant McQueen can be found for delivery of papers. Plaintiff knows his work email address, Earl.McQueen@baltimorecity.gov.

6. Counsel has entered an appearance on Defendant McQueen's behalf and filed a motion to dismiss for him and other defendants (ECF 27, August 31, 2026).

## ARGUMENT

Rule 4(e)(1) permits service on an individual by "following state law . . . in the state where the district court is located." Maryland Rule 2-121(c) provides that "[w]hen proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." The method ordered must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

**A. Good faith efforts under Rule 2-121(a) have not succeeded.** Two process servers made six attempts to deliver the papers at Defendant McQueen's residence on different days and at different times, plus a telephone attempt; every attempt failed because the building is secured

and no one responded. (Exs. A, B.) These sworn returns establish good faith efforts under section (a).

**B. Service under Rule 2-121(b) is inapplicable and impracticable.** Section (b) applies only upon proof that the defendant "has acted to evade service," and requires both mailing to the last known residence and "delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." Plaintiff does not allege evasion; the attempts failed because the building could not be entered, so section (b) is inapplicable. Independently, Plaintiff does not know a place of business at which delivery could be made, so section (b) is impracticable.

**C. The requested methods are reasonably calculated to give actual notice.** Plaintiff asks the Court to authorize service by (1) email to Defendant McQueen's work email address, Earl.McQueen@baltimorecity.gov, and (2) certified mail to 111 Aspinwood Way, Apt. C, Rosedale, Maryland 21237-4226. The email address is an individual account in Defendant McQueen's name on his employer's domain, and the mailing address is the residence confirmed by the skip-trace report. Together, they are reasonably calculated to give actual notice.

**D. An additional 30 days to serve is warranted.** Rule 4(m) requires the Court to extend the time for service upon a showing of good cause. The six documented attempts, the second process server, and the skip-trace report show diligence; the delay results from a secured building, not inaction. Plaintiff requests 30 days from the date of the Court's order to complete service by the methods authorized.

## CONCLUSION

Plaintiff requests that the Court:

(a) enter the attached proposed order authorizing service on Defendant Earl McQueen by email to Earl.McQueen@baltimorecity.gov and by certified mail to 111 Aspinwood Way, Apt. C, Rosedale, Maryland 21237; and

(b) extending Plaintiff's time to serve Defendant McQueen by 30 days from the date of the order.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing motion and exhibits were served electronically.

Fausto Gomez

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FAUSTO GOMEZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:26-cv-01445-MJM |
| YISROEL ARYEH SCHAFFEL, *et al.*, | * | |
| Defendants. | * | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Alternative Service on Defendant Earl McQueen and for Extension of Time to Serve, and the Court finding that good faith efforts to serve Defendant McQueen under Maryland Rule 2-121(a) have not succeeded and that service under Rule 2-121(b) is inapplicable or impracticable, it is this ____ day of ______________, 2026, by the United States District Court for the District of Maryland, hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Maryland Rule 2-121(c), Plaintiff may serve Defendant Earl McQueen with the summons and Second Amended Complaint by (1) email to Earl.McQueen@baltimorecity.gov and (2) certified mail to 111 Aspinwood Way, Apt. C, Rosedale, Maryland 21237-4226; and it is further

ORDERED that service shall be deemed complete upon Plaintiff's completion of both steps, and Plaintiff shall promptly file proof of service with the Court; and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 4(m), Plaintiff's time to serve Defendant McQueen is extended to 30 days from the date of this Order.

______________________________
Matthew J. Maddox
United States District Judge