# EXHIBIT 2

Gomez v. Vertex TL, LLC, et al., No. ACM-REG-0512-2026 (App. Ct. Md.)
Brief of Appellant (filed Sept. 4, 2026)
Excerpt: Cover, Statement of the Case, Questions Presented (Br. i, 1–2)

E-FILED
Rachel Dombrowski, Clerk
Appellate Court of Maryland
9/4/2026 2:52 PM

**IN THE**

**APPELLATE COURT OF MARYLAND**

SEPTEMBER TERM, 2026

NO. 0512

ACM-REG-0512-2026

**FAUSTO GOMEZ**

Appellant,

**v.**

**VERTEX TL, LLC, et al.**

Appellees.

**On Appeal from the Circuit Court for Baltimore City**
**(Lazerow, J.)**

**BRIEF OF APPELLANT FAUSTO GOMEZ**

Fausto Gomez
9315 Oak White Rd.
Nottingham, MD 21236
(443) 627-0201
faustogomez3080@hotmail.com

*Appellant / Defendant*

**STATEMENT OF THE CASE**

Fausto Gomez ("**Mr. Gomez**"), the Defendant below, and Appellant herein, appeals from a final Order of the Circuit Court for Baltimore City, Lazerow, J., entered April 27, 2026, denying Mr. Gomez's Rule 2-534 motion to alter or amend the Court's March 20, 2026 Order, which denied Mr. Gomez's motion to quash the writ of possession issued on March 4, 2026 to Mohamed Shahbain, Hadaf Alsamet, and Mohamed Alnisafi (the "**Transferees**") (the "**Third Writ**"). (*See* E. 156-57; E. 141.)

This case arises from a tax sale foreclosure action, as governed by Tax-Property Article of the Maryland Annotated Code, Subtitle 8, §§ 14-801 through 14-851. In particular, it is concerned with the legal requirements for a party to be issued a writ of possession.

In most actions, a judgment awarding possession is required to obtain a writ of possession and execute an eviction (*See* Maryland Rule 2-647). However, under the tax sale subtitle a party who acquires a deed, under the subtitle, is entitled to a writ of possession without separately obtaining a judgment awarding possession. The dispositive statute is §14-850 which states:

> "Any person who acquires a deed to property **under this subtitle** is entitled to issuance of a writ for possession of the property under the Maryland Rules as if the person had obtained a judgment awarding possession of the property." (emphasis added)

Appellant asks the Court to determine if a party who obtained their deed through private sale, and not from the county/city tax collector through the tax sale process, is

entitled to a writ of possession without a judgment awarding possession, or if the party must obtain a judgment awarding possession before obtaining a writ of possession. The

## QUESTIONS PRESENTED

1. TP § 14-850 entitles "[a]ny person who acquires a deed to property *under this subtitle*" to a writ of possession "as if the person had obtained a judgment awarding possession." Does § 14-850 authorize a writ for transferees who acquired their deed by private conveyance from the tax sale purchaser, rather than through the tax sale foreclosure process, or must such transferees first obtain their own judgment awarding possession?

2. May the Clerk of the Circuit Court issue a writ of possession at the request of persons who are not parties to the action and who hold no judgment awarding possession, and is a writ so issued invalid from its inception?

## STATEMENT OF FACTS

Appellant Gomez owned 229 N. Monroe Street, Baltimore (“the Property”), and operated a grocery and deli there. (*See* E. 69, 122.) The Property was sold at tax sale over an approximately $1,000 delinquency, and Vertex TL LLC (“Vertex”) acquired the certificate of sale for approximately $30,000. (*See* E. 92.) On March 6, 2025, the Circuit Court for Baltimore City entered a judgment foreclosing the right of redemption. (*See* E. 48.)

A first writ of possession issued to Vertex on May 5, 2025, but the Circuit Court (Fletcher-Hill, J.) quashed it because Vertex had requested it more than 30 days after judgment and attached no deed. (*See* E. 54-57.) On September 17, 2025, the court denied