# EXHIBIT 1

Gomez v. Vertex TL, LLC, No. ACM-REG-1791-2025 (App. Ct. Md.)
Brief of Appellant (filed Feb. 9, 2026)
Excerpt: Cover, Statement of the Case, Issues Presented (Br. i, 1–3)

E-FILED
Rachel Dombrowski, Clerk
Appellate Court of Maryland
2/9/2026 2:21 PM

# IN THE

# APPELLATE COURT OF MARYLAND

JANUARY TERM, 2026

NO. 1791

ACM-REG-1791-2025

**FAUSTO GOMEZ**

Appellant,

**v.**

**VERTEX TL, LLC**

Appellee.

**On Appeal from the Circuit Court for Baltimore City**
**(The Honorable Lawrence P. Fletcher-Hill)**

**BRIEF OF APPELLANT FAUSTO GOMEZ**

Andrew L. Jiranek (AIS No. 940708002)
Jiranek, PA
16 Willow Avenue
Towson, Maryland 21286
410-769-9070
andrew@jiraneklaw.com

*Attorney for Fausto Gomez*

## APPELLANT'S BRIEF

## STATEMENT OF THE CASE

Fausto Gomez ("**Mr. Gomez**"), the Defendant below, and Appellant herein, appeals from a final Order of the Circuit Court for Baltimore City, Fletcher-Hill, J., denying Mr. Gomez's amended motion to vacate the Court's March 6, 2025, Judgment Foreclosing Mr. Gomez's Legal Right to Redeem his property from tax sale (the "**Judgment**"). See E148. The Circuit Court considered extensive papers filed by both Mr. Gomez and the Plaintiff below, and Appellee herein, Vertex TL, LLC ("**Vertex**"), and decided, on September 17, 2025, not to vacate its Judgment on the grounds that: (i) Mr. Gomez's amended motion failed "to establish" either fraud or lack of jurisdiction which was the only basis the Circuit Court had to vacate the Judgment, citing Md. Tax Property Code Ann. § 14-845(a) and Maryland Rule 2-535; and (ii) because Mr. Gomez did not contest he had been emailed two (2) payoff statements in the sixty (60) days after he was personally served, and prior to entry of the Judgment, "the Court can not find that Plaintiff impeded [Mr. Gomez] from redeeming the subject party, as would constitute constructive fraud." Id.

Prior to the Circuit Court's entry of the September 17, 2025 Order that is the subject of this appeal, the Circuit Court had entered an Order on April 29, 2025, striking a prior motion filed by Mr. Gomez, pro se, to have a Judgment foreclosing his right to redeem his property from tax sale (hereinafter, "**Judgment Foreclosing Right of Redemption**" or "**JFRR**") vacated on the grounds that Mr. Fausto failed to include a Certificate of Service indicating that he had served all parties with his motion. See E080. The JFRR had been entered on March 6, 2025. See E043. The Circuit Court's April 29, 2025 Order to Strike

set off a flurry of papers filed by parties in the trial court, including Mr. Gomez's prior counsel, pursuant to which, the Court determined, on September 17, 2025, that: (i) the myriad of papers filed by both Mr. Gomez and Vertex after its April 29, 2025, Order were to be construed as briefing for an **amended motion to vacate the JFRR** (hereinafter, "**Amended Motion to Vacate**") See E146, fn. *; (ii) Mr. Gomez's Amended Motion to Vacate failed to demonstrate "constructive fraud" such as would justify an Order vacating the JFRR. See E148, ¶5. The Circuit Court also denied various post Judgment motions Mr. Gomez had filed to assist him with exercising his legal right to redeem his property from tax sale. See E144-E146. Mr. Gomez filed a Notice of Appeal of the Circuit Court's September 17, 2025 Orders on Mr. Gomez's Amended Motion to Vacate and his other post-judgment motions on October 17, 2025. See E150.

## ISSUES PRESENTED

1. Did the Circuit Court abuse its discretion in concluding that Mr. Gomez's complaints that Vertex's defective service on him could not rise to the level of "constructive fraud" necessary to justify vacation of the Court's Judgment Foreclosing Mr. Gomez's Legal Right of Redemption?

2. Did the Circuit Court abuse its discretion in concluding that Vertex's defective service could be excused, such that the Court had in rem jurisdiction to enter the JFRR, because Mr. Gomez was sent two (2) payoff statements by Vertex in January and February, 2025, which he could have used to redeem the property from tax sale prior to entry of the JFRR?

## STATEMENT OF FACTS

This case requires this Appellate Court to review the Circuit Court's decision to excuse Vertex's failure to adhere to statutory notice requirements in prosecuting its action to foreclose Mr. Gomez's legal right to redeem a tax sale property in Baltimore City from foreclosure. The Circuit Court ruled that Vertex substantially complied with statutory notice requirements because Mr. Gomez was sent two (2) payoff demands in January and February, 2025, before the Court entered its JFRR on March 6, 2025, and failed to redeem his property from tax sale. The Circuit Court found that this actual notice was enough to give it in rem or quasi in rem jurisdiction to enter a Judgment on March 6, 2025, foreclosing Mr. Gomez's legal right to redeem his property from tax sale.