# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| Gomez,<br><br>Plaintiff,<br><br>v.<br><br>Schaffel, *et al.*,<br><br>Defendants. | Case No.: 1:26-cv-01445-MJM |

**DEFENDANTS' MOTION TO STRIKE UNTIMELY FILINGS, TO ENFORCE PRIOR ORDERS, AND TO RENEW REQUEST FOR CONTEMPT AND SANCTIONS**

Defendants Vertex TL LLC, Mohamed Dahan Shahbain, Hadaf Anwar Alsamet, and Mohamed Abdo Alnisafi, through counsel, respectfully move to strike or decline to consider Plaintiff's untimely September 29 filings and renew their request to enforce this Court's September 1 and September 8 Orders, ECF Nos. 35 and 43.

The Court expressly ordered Plaintiff to file "any responses to the pending motions to dismiss and Rule 11 notice **no later than September 28, 2026**." ECF No. 52 ¶ 4 (emphasis in original). Plaintiff instead filed his responses on September 29. He neither sought an extension before the deadline nor moved afterward to establish "excusable neglect," as Rule 6(b)(1)(B) requires. *See* Fed. R. Civ. P. 6(b)(1)(B); *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532–34 (4th Cir. 1996) (holding Rule 6(b)'s excusable-neglect requirement governs extensions after expiration). Defendants asked this Court to enforce that deadline before Plaintiff filed his untimely papers. *See* ECF No. 60.

More fundamentally, Plaintiff still has not complied with this Court's September 1 and September 8 Orders. The September 1 Order required him to identify "each individual who has

prepared, or assisted in preparing, all documents Gomez has filed." ECF No. 35 ¶ 2. After his first response failed to do so, the Court expressly found it incomplete and ordered Plaintiff to identify each person who prepared or assisted in preparing each document, or, if Gomez alone did so, to say so "in those clear terms." ECF No. 43 at 1–2. As detailed in Vertex's Renewed Motion to Compel, ECF No. 57, Plaintiff instead supplied his own narrowed definition of "assistance" and never provided the filing-by-filing disclosure the Court ordered. He has now continued filing substantial papers while that violation remains uncured.

A litigant's failure to obey court orders permits dismissal under Rule 41(b), and even a pro se litigant remains subject to "the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Vertex therefore renews the relief requested in ECF No. 57, including enforcement of ECF Nos. 35 and 43, an order to show cause why Plaintiff should not be held in civil contempt, appropriate fees and sanctions, and a stay of further proceedings until Plaintiff complies. ECF No. 57 at 12.

**WHEREFORE**, Defendants respectfully request that the Court (1) strike or decline to consider Plaintiff's September 29 filings unless and until Plaintiff obtains relief under Rule 6(b)(1)(B); (2) stay further proceedings until Plaintiff complies fully with ECF Nos. 35 and 43; (3) grant the enforcement, contempt, and sanctions relief previously requested in ECF No. 57; and (4) alternatively, dismiss this action without prejudice under Rule 41(b), subject to reopening upon full compliance, together with such further relief as the Court deems appropriate.

Date: September 29, 2026 Respectfully Submitted,

*/s/ Steven Tessler*[1]
Steven Tessler[2]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
*Counsel for Vertex TL & Deedholders*

**Certificate of Service**

I hereby certify that on September 29th, 2026, I electronically filed the foregoing filings with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

*/s/ Steven Tessler*
Steven Tessler

[1] The above-signed declares under penalty of perjury that the factual statements in this Motion that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits—including the amount of fees incurred—are true and correct. *See* 28 U.S.C. § 1746. Executed on September 29th, 2026.

[2] The above-signed appears solely as counsel for the Deedholders, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See*, *e.g.*, *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).