IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAUSTO GOMEZ,

Plaintiff,

v. Civil Action No. 1:26-cv-01445-MJM

VERTEX TL LLC, et al.,

Defendants.

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff Fausto Gomez, pro se, moves under Fed. R. Civ. P. 15(a)(2) and Local Rule 103.6 for leave to file the attached Third Amended Complaint. Plaintiff was unable to file by September 28, 2026, as the Court's September 15, 2026 Order directed (ECF 52), because the Court's Electronic Document Submission System returned the message "You may not submit another entry at this time," apparently because of the number of filings he had made. Exhibit C. Plaintiff asks the Court to accept the motion under Fed. R. Civ. P. 6(b)(1)(B). In support, Plaintiff states:

**Background**

1. The Second Amended Complaint (ECF 11) is the operative pleading. Motions to dismiss it are pending from Defendant Vertex TL LLC (ECF 24) and from Defendants Holman, McQueen, and Washington (ECF 27). The response deadline for Defendants Shahbain, Alsamet, and Alnisafi is held in abeyance. ECF 52. Vertex has moved for Rule 11 sanctions directed at the civil RICO claims. ECF 44. Plaintiff has filed responses to ECF 24 and ECF 27, the pending motions to dismiss, as directed in ECF 52; those responses have not yet been assigned docket numbers.

2. This motion supersedes Plaintiff's protective motion for leave to amend (ECF 45), which Vertex, Shahbain, Alsamet, and Alnisafi opposed. ECF 55.

3. Defendants Schaffel and Tessler have not been served; motions for alternative service are pending. ECF 53, 56. No scheduling order has issued.

**The Proposed Amendment**

4. The proposed Third Amended Complaint narrows the case. It withdraws the civil RICO claims (Counts XV and XVI of the Second Amended Complaint). Plaintiff makes this change in part in response to Vertex's Rule 11 motion. Without conceding its contentions, Plaintiff has concluded that including the RICO claims would reduce focus on the other claims.

5. The proposed pleading adds Tess Law LLC, the firm through which Defendant Tessler acted, as a defendant. It also names the Mayor and City Council of Baltimore (a defendant in ECF 5, terminated at ECF 10) as a defendant to Counts III and XIV under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and *Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479 (4th Cir. 2024), based on Baltimore City Code Art. 13 § 8B.

6. The proposed pleading also clarifies the facts supporting the remaining claims e.g. the Sheriff's Office's eviction policies and the alleged departures from them and the relationship among the private Defendants. It contains fourteen counts, down from sixteen.

**Leave Should Be Granted**

7. Rule 15(a)(2) directs that the Court "should freely give leave when justice so requires." Leave should be denied only where the amendment would prejudice the opposing party, the movant has acted in bad faith, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

8. No Defendant is prejudiced: the case is at the pleading stage, no discovery has occurred, several Defendants are unserved, and one group of served Defendants has not yet responded. The amendment is made in good faith: it withdraws the claims the Rule 11 motion challenges and adds or clarifies facts in response to pending Motions to Dismiss. Nor is this a repeated failure to cure deficiencies: the Amended Complaint (ECF 5) was filed before any Defendant appeared, the Second Amended Complaint (ECF 11) before any motion to dismiss, and the Court has not ruled on the sufficiency of any pleading. This is the first amendment made in response to motions to dismiss. The Third Amended Complaint adds no new claims against Vertex, Holman, McQueen, or Washington, the only parties who have filed a motion to dismiss, so the arguments in their pending motions (ECF 24, 27) can be reasserted in any motion directed at the new pleading.

9. The amendment is not futile. Because some Defendants are likely to repeat the futility arguments made in their opposition to ECF 45, (ECF 55) Plaintiff addresses them here. An amendment is futile only if the proposed pleading is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). The remaining claims arise from the March 18, 2026 eviction of Plaintiff from 229 N. Monroe Street without the notice required by law, after Sheriff's Office employees told Plaintiff the eviction was cancelled. The exhibits attached to ECF 55 are matters outside the pleading and cannot be considered on a facial challenge. The res judicata argument in ECF 55 does not reach these claims, which arise from the lack of notice of the eviction and were not raised in the state proceedings. Proposed TAC ¶¶ 55–56.

10. The proposed Third Amended Complaint accompanies this motion as Exhibit A. L.R. 103.6(a). A comparison copy showing all changes from the Second Amended Complaint is attached as Exhibit B, as directed by ECF 49.

**Proposed Schedule**

11. Because Defendants Schaffel and Tessler remain unserved and Tess Law LLC and the City must be served, Plaintiff asks the Court to allow 30 days from its order to serve Tess Law LLC and the City, and to set a single schedule: each Defendant's response due 30 days after the last Defendant is served or dismissed, and Plaintiff's responses to any motions to dismiss due 30 days after that, so that all challenges to the pleading are briefed and decided together.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

a. Granting leave to amend and directing the Clerk to docket the Third Amended Complaint (Exhibit A), with its Exhibits 1 through 7, as the operative complaint;

b. Directing the Clerk to issue a summons for Defendant Tess Law LLC, and allowing Plaintiff 30 days from the date of the order to serve Tess Law LLC and the Mayor and City Council of Baltimore;

c. Directing that each Defendant shall answer or otherwise respond to the Third Amended Complaint within 30 days after the last Defendant is served or dismissed from this action, and that Plaintiff shall respond to any motion to dismiss within 30 days after that deadline;

d. Denying as moot the Motions to Dismiss at ECF 24 and ECF 27, Plaintiff's responses to those motions, and the Protective Motion for Leave at ECF 45; and

e. Granting such other relief as the Court deems just.

A proposed order is attached.

Respectfully submitted,

Fausto Gomez
Plaintiff Pro Se
9315 Oak White Rd.
Nottingham, MD 21236
443-627-0201
FaustoGomez3080@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that foregoing was filed with the Clerk of the Court and served on all counsel of record through the Court's CM/ECF system.

Fausto Gomez