# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Gomez,

Plaintiff,

v.

Schaffel, *et al.*,

Defendants.

Case No.: 1:26-cv-01445-MJM

## DEFENDANTS' NOTICE OF SUPPLEMENTAL RECORDS

Defendants Vertex TL LLC, Mohamed Dahan Shahbain, Hadaf Anwar Alsamet, and Mohamed Abdo Alnisafi, through undersigned counsel, submit as **Exhibit A** the Baltimore City Sheriff's Office's response and complete original 49-page production, received October 6, 2026, under the MPIA. *See* Maryland Public Information Act, Md. Code Ann., Gen. Provis. § 4-101 *et seq.* These records supplement ECF Nos. 24, 44, 55, and 57 and answer the September 29 filings at ECF Nos. 62 and 66.

Gomez told this Court that the state courts "have not been asked to decide" whether the required pre-eviction notices were given. ECF No. 62 at 8. But is that true? On February 5, Gomez filed an Emergency Motion and Memorandum to Quash Writ of Possession in the Circuit Court for Baltimore City. **Ex. A** at 28–32. It quoted Tax-Property § 14-836(b)(7) and alleged that "Mr. Tessler did not send to Mr. Gomez by

first class mail, postage prepaid notice that Mr. Tessler intended to seek possession of the Tax Sale Property (at least none was received by either Mr. Gomez or his counsel)." *Id.* at 29–30. It asked the court to stop execution. *Id.* at 32. This was the very notice objection Gomez now denies raising.

The February 18 email attached that motion and asked the Sheriff to await a ruling: "May you please cancel the eviction for 229 N. Monroe, until the Court rules?" **Ex. A** at 21–22. It identified the scheduled eviction date: "There is an eviction scheduled for Fausto Gomez, 229 N. Monroe St., Baltimore, MD 21223 for March 18, 2026." *Id.* Gomez's notice challenge was already before the state court, and the request identified the eviction date many days in advance.

The March 6 notice again specified March 18 and warned: "This is the final notice of the date of the eviction, even if the eviction date is postponed by the sheriff or the court." **Ex. A** at 11–12. That morning, Donald Pugsley, whom Gomez identifies as his "representative," acknowledged delivery to the property owner. **Ex. A** at 15; ECF No. 66-1 ¶¶ 32–33. Gomez had actual notice many days before execution, yet alleges that "[t]he eviction was a surprise" and no Defendant "provided an official eviction date." ECF No. 66-1 ¶ 43.

Even if Gomez relied on cancellation assurances as alleged, that would not erase his February notice challenge or advance knowledge of the scheduled date. ECF No. 66-1 ¶ 38. He nevertheless asserts that he was "never given the opportunity to challenge" notice failures and that his notice claims "were not raised in the state proceedings." ECF No. 66-1 ¶ 88; ECF No. 66 ¶ 9. Res judicata makes amendment futile; Gomez's repeated

material misrepresentations warrant sanctions. The Court should deny further amendment and grant the pending dismissal, sanctions, and disclosure-enforcement relief.

Date: October 6, 2026

Respectfully submitted,

Steven Tessler[1,2]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
Counsel for Vertex TL LLC and the
Deedholder Defendants

---

[1] The undersigned declares under penalty of perjury that the factual statements in this Notice that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits are true and correct. *See* 28 U.S.C. § 1746. Executed on October 6, 2026.

[2] The undersigned appears solely as counsel for Vertex TL LLC and the Deedholder Defendants, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See, e.g., Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).

## Certificate of Service

I hereby certify that on October 6, 2026, I electronically filed the foregoing Notice and **Exhibit A** with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

Steven Tessler