UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| FAUSTO GOMEZ, | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Case No.: 1:26-cv-01445-MJM |
| | * | |
| YISROEL ARYEH SCHAFFEL, *et al.*, | * | |
| | * | |
| *Defendants*. | * | |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS GLENDA HOLMAN, KENYATTA WASHINGTON, AND EARL MCQUEEN**

Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington (the "Sheriff Defendants"), by and through their undersigned counsel, Assistant Attorney General David C. Merkin, respectfully submit this Reply in Support of their Motion to Dismiss the Second Amended Complaint (ECF No. 11).

## ARGUMENT

### I. THE SHERIFF DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

#### A. Qualified Immunity Doctrine and Standard

Qualified immunity shields government officials from damages liability unless they violate a clearly established constitutional or statutory right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To defeat qualified immunity, a plaintiff must establish two

elements: (1) that the defendant violated a constitutional right; and (2) that the right was clearly established at the time of the alleged violation in such a way that a reasonable officer in the defendant's position would have known that the conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Gonzalez v. Trevino*, 556 U.S. 644 (2012). The "clearly established" prong requires more than identifying a general constitutional principle. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The qualified immunity analysis "must be undertaken in light of the specific context of the case." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).

B. Executing a Facially Valid Judicial Order Cannot Form the Basis for a Constitutional Violation.

The writ of execution issued by the state court and executed by Defendants was facially valid. The Circuit Court for Baltimore City issued a writ of possession on March 4, 2026 (Plaintiff's opposition does not contend that this writ was facially defective). Deputy McQueen executed that writ on March 18, 2026. A court of competent jurisdiction issued the writ, and it was facially valid. Sheriffs are court officers charged with serving process and executing writs directed to them by judicial authority. Md. Code Ann., Cts. & Jud. Proc. § 2-301.

C. Fourth Circuit Authority Establishes Qualified Immunity for Executing Facially Valid Writs.

Under Fourth Circuit precedent, a law enforcement officer who executes a facially valid court order or judicial writ is entitled to qualified immunity. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). In *Porterfield*, the court held that an officer executing a facially valid judicial process is entitled to qualified immunity even if the process is later

found defective. The Fourth Circuit has not recognized the right for an officer to refuse to execute a judicial writ or to independently investigate a writ's validity before execution. Absent such clearly established law, qualified immunity applies. The Fourth Amendment presupposes the valid issuance of a judicial writ. *Rovin v. State*, 488 Md. 144, 194 (2024). Challenges to a writ's validity should be addressed through appropriate judicial review mechanisms, not through damages actions against the executing officer.

D. Plaintiff's Allegations Do Not Overcome Qualified Immunity.

Plaintiff contends that the Sheriff Defendants "knew" or "should have known" of alleged defects in the underlying writ or notice procedures. However, this argument conflates qualified immunity analysis with ordinary negligence. The qualified immunity inquiry asks whether a reasonable officer would have known that the conduct violated a clearly established constitutional right, not whether the officer could have been more diligent. *Pearson v. Callahan*, 555 U.S. at 243-244. As Plaintiff does not identify any clearly established constitutional right requiring executing officers to audit pre-writ notice compliance, the federal claims against the Sheriff Defendants must be dismissed.

**II. DEFENDANTS HAVE NO DUTY TO INVESTIGATE COMPLIANCE WITH § 8B-2 AND § 8B-3(a) NOTICE REQUIREMENTS.**

A. Critical Distinction: Actual Knowledge vs. Investigatory Duty.

Plaintiff's arguments improperly conflate two fundamentally distinct legal concepts: (1) whether the sheriff had actual knowledge that notice was not provided, and (2) whether the sheriff had a legal duty to investigate whether notice was provided. Baltimore City Code § 8B-3(a) concerns the former—it addresses actual knowledge. Specifically, § 8B-

3(a) provides that if the party conducting the sale has actual knowledge that the notice required under § 8B-2 was not provided, then the sheriff "shall notify the Circuit Court and may not execute the writ of possession until further order of the Court." Baltimore City Code, Art. 13, § 8B-3(a). However, the statute does not impose upon the sheriff an obligation to investigate or verify that such notice was actually provided.

The foreclosure plaintiff, the clerk's office, and other officials responsible for the foreclosure process are responsible for ensuring compliance with notice requirements. Under Maryland law, pre-deprivation notice requirements in tax sale and foreclosure matters fall upon the foreclosure purchaser or tax sale plaintiff—not law enforcement officials. Md. Code Ann., Tax-Prop. § 14-836(b)(7); Baltimore City Code, Art. 13, §§ 8B-2, 8B-3.

B. <u>The Sheriff's Role Is Ministerial Execution, Not Investigation.</u>

When a sheriff receives a writ of execution from a Maryland court, the sheriff's legal duty is to execute that writ in accordance with its terms. This is a ministerial function. The sheriff does not possess, and cannot constitutionally be required to possess, an investigatory role to determine whether all procedural prerequisites to the sale have been satisfied. A sheriff executing a court order acts in a ministerial capacity and has no independent duty to investigate whether an underlying litigant satisfied statutory notice prerequisites before seeking process from the clerk.

Requiring law enforcement officers to independently audit court dockets or statutory compliance before executing judicial writs would paralyze law enforcement and disrupt the execution of civil decrees. If sheriffs had to investigate the adequacy of notice,

verify that judgment debtors had a proper opportunity to be heard, confirm that all foreclosure procedures were followed, and second-guess the state court's determination, every writ could be challenged on grounds that might be valid or might not.

C. No Plausible Allegation That Defendants Had Actual Knowledge of Notice Violation.

Plaintiff has not alleged that Defendants had actual knowledge that the notice required by § 8B-2 was not provided. Plaintiff's allegations regarding whether notice was or was not provided pertain to the foreclosure process itself—a process that preceded the issuance of the writ to Defendants. Plaintiff's dispute is with the foreclosure plaintiff and the procedures conducted in state court, not with Defendants' execution of the writ.

**III. THE MARYLAND TORT CLAIMS ACT BARS ALL STATE LAW CLAIMS.**

Plaintiff's state-law claims against the Sheriff Defendants are completely barred under the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Gov't § 12-105. Under the MTCA, county and Baltimore City sheriffs and their employees are "State personnel" who enjoy immunity from tort liability for acts committed within the scope of their employment, provided they act without malice or gross negligence. Md. Code Ann., State Gov't §§ 12-101(a)(6)(i)-(ii), 12-105; Md. Code Ann., Cts. & Jud. Proc. § 5-522(b).

To overcome statutory immunity at the motion-to-dismiss stage, a complaint must plead specific facts demonstrating actual malice (an evil motive, ill will, or intent to injure) or gross negligence (an intentional or reckless disregard for rights). *Barbre v. Pope*, 402 Md. 157, 173, 181-82 (2007). Conclusory allegations, formulaic recitations, or assertions that conduct was "illegal" or "reckless" are insufficient. *Green v. Brooks*, 125 Md. App. 349, 377 (1999).

Plaintiff's pleadings contain only generic assertions regarding the Sheriff Defendants' execution of a court-issued writ. Plaintiff alleges no plausible facts showing that Deputy McQueen, Ms. Holman, or Lt. Washington acted with personal animus, an evil motive, or a conscious disregard for Plaintiff's rights. Because the Sheriff Defendants acted within the scope of their employment pursuant to court process, MTCA immunity applies, and the Court must dismiss all state-law claims against them.

**IV. PLAINTIFF'S REMAINING CAUSES OF ACTION FAIL.**

Beyond the § 1983 claims, Plaintiff alleges various state law causes of action. Each fails to state a plausible claim under the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. at 678. The following matrix identifies each cause of action and demonstrates why Plaintiff's allegations are legally insufficient:

| CAUSE OF ACTION | ELEMENTS REQUIRED | STATUS - WHY PLAINTIFF FAILS |
|---|---|---|
| § 1983 Fourth Amendment Seizure | Constitutional violation; clearly established right | DISMISSED. Qualified immunity bars claim. Facially valid writ provides governmental authority. Porterfield and Rovin establish QI for executing such writs. |
| § 1983 Conspiracy (42 U.S.C. § 1983) | Meeting of minds; agreement; overt act; constitutional violation | FAILS. Allegations are conclusory and insufficient under Twombly/Iqbal. Mere fact that officers coordinated execution of valid judicial writ does not establish conspiracy. |
| Maryland Tort Claims Act Negligence | Duty; breach; causation; damages | BARRED. MTCA State Personnel immunity shields Defendants for actions within scope of employment executing valid judicial writs. |
| MTCA Malice/Intentional Tort | Intent to cause harm; actual malice; damages | FAILS. No specific allegations of actual malice. Barbre standard requires specific factual allegations, not conclusory statements. |

**V. PLAINTIFF'S OPPOSITION WAS UNTIMELY.**

Plaintiff filed its Opposition to Defendants' Motion to Dismiss (ECF No. 63) on September 29, 2026, one day after the deadline set by the Federal Rules of Civil Procedure and this Court's scheduling order. Under Local Rule 105.2.a of the United States District Court for the District of Maryland, all memoranda in opposition to a motion must be filed within fourteen (14) days after service of the motion. The parties agreed to extend the deadline to September 28, 2026, and confirmed it by oral teleconference. Plaintiff's opposition was therefore untimely filed and should be disregarded.

**CONCLUSION**

For the foregoing reasons, as well as those set forth in Defendants' Motion to Dismiss (ECF No. 27) and supporting Memorandum of Law (ECF No. 27-1), Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington respectfully request that this Court GRANT Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully Submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ David C. Merkin
David C. Merkin
Assistant Attorney General
Federal Bar No. 12132
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
Telephone: (410) 576-6481
dmerkin@oag.maryland.gov

Date: October 13, 2026

Attorneys for Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2026, the foregoing Reply in Support of its Motion to Dismiss by Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington, was filed on all parties of record via the CM/ECF system in accordance with the Court's rules and procedures. The Plaintiff, *pro* se, will be served via ECF as ordered.

/s/ David C. Merkin
David C. Merkin, #12132
Assistant Attorney General