# Exhibit 9

Maryland Tax Property Article §14–850 states:

"Any person who acquires a deed to property under this subtitle is entitled to issuance of a writ for possession of the property under the Maryland Rules as if the person had obtained a judgment awarding possession of the property."

Gomez argues that "under this subtitle" is an operative, important clause in the statute, which limits obtaining an expedited writ of possession to parties who obtain a deed through tax sale foreclosure, and not through a private conveyance like the party who bought the deed from Vertex.

Fourth, in its Order denying Defendant's Motion to Quash the Third Writ of Possession, the Court equates "obtain[ing] a deed for the subject property" with "acquir[ing] a deed [for the subject property]…**under this subtitle**". (emphasis added) The Court did not elaborate on its logic for equating these two phrases. Lacking explicit explanation by the Court, Defendant posits the Court was evaluating §14-850 in isolation i.e. the Court may not have considered that the writ remedy afforded by §14-850 is predicated on a party's status and actions before §14-850 is invoked. To be clear, law requires the tax sale statutes to be interpreted as a unified scheme and not as independent statutes. §14–832 explains "**The provisions of §§ 14–832.1 through 14–854 of this subtitle shall be**

To deny Gomez's motion, in favor of the private Defendants, the trial court judge ignores Gomez's argument and treats the clause as if it does not exist.

Defendant also argues that in the "Order Denying Defendant Fausto Gomez's Emergency Motion and Memorandum to Quash the Third Writ of Possession Issued by the Clerk of Court,"

[1] As Defendant himself acknowledges, once Plaintiff Vertex TL, LLC obtained a deed to the subject property, the certificate of tax sale was extinguished as a matter of law. *See* Mot. at pg. 3. Following Defendant's argument to its logical conclusion would suggest that there is currently no proper Plaintiff in this action.

1

entered on March 20, 2026, the Court conflated the concept of a party acquiring a deed with the concept of a party obtaining a deed. *See* Mot. at pg. 3. It is not entirely clear to the Court what distinction Defendant is attempting to draw between these concepts. If Defendant's argument is