# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Gomez,

Plaintiff,

v.

Schaffel, *et al.*,

Defendants.

Case No.: 1:26-cv-01445-MJM

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION, STAY, OR DISMISSAL WITHOUT PREJUDICE (ECF NO. 73), AND CROSS-MOTION TO COMPEL DISCLOSURE, FOR SANCTIONS, AND TO DISMISS WITH PREJUDICE

Fausto Gomez chose this Court, and its rules require him to name everyone who helped write his papers. Loc. R. 102.1(a)(ii). Three orders later, he still refuses. ECF Nos. 35, 43, 72. That refusal speaks for itself, because when a litigant hides strong evidence and offers weak, the only conclusion is that the strong would have been adverse. On the last day of his third deadline, he asks for two more months or a free exit without prejudice. ECF No. 73 ¶¶ 4–5.

But dismissal is not an escape from an order the Court has already issued and attempting to escape a court order once compliance becomes difficult is itself indicative of bad faith. The Court should refuse both. It should compel the names within three days,

grant every sanction Vertex's Rule 11 motion seeks, sanction Gomez further for telling two courts opposite stories, and dismiss this action with prejudice.

**TIMELINE**

In May 2026, Gomez told the Appellate Court of Maryland that the "law requires 30 days notice of eviction which Appellee did not meet" and that he was evicted "without the thirty days' notice required by" Tax-Property § 14-836(b)(7)(i). Appellant's Opp'n to Mot. to Dismiss 2, *Gomez v. Vertex TL LLC*, No. ACM-REG-0512-2026 (App. Ct. Md. filed May 20, 2026); Appellant's Supp. Mem. 4, *Gomez*, No. ACM-REG-0512-2026 (App. Ct. Md. filed May 26, 2026). On September 9, his proposed amended complaint told this Court that the eviction "notice failures" had never been "raised in state court." ECF No. 45-1 ¶ 56. Defendants exposed that falsehood on September 17. ECF No. 55 at 4–5. Gomez repeated it anyway on September 29 and again on October 15. ECF No. 66-1 ¶ 56; ECF No. 70-1 ¶ 81.

Meanwhile, Vertex served its Rule 11 motion on August 19 and filed it on September 9. ECF No. 44; ECF No. 64 at 1. That motion shows that the Circuit Court for Baltimore City twice warned Gomez against relitigating its rulings and that Gomez filed his Second Amended Complaint "less than nineteen hours" after the second warning. ECF No. 44 at 2–3, 6. That pleading attacks the writ ruling the state court upheld and accuses Vertex of bribery, wire fraud, extortion, and money laundering without identifying a single payment, transfer, or false statement. ECF No. 44 at 6–9.

The disclosure orders followed the same pattern. On September 1, the Court ordered Gomez to identify everyone who prepared or assisted in preparing his filings.

ECF No. 35. Gomez named one "friend" and tied him to no filing. ECF No. 40. The Court found that answer incomplete and ordered a verified, filing-by-filing disclosure, warning that if no one else helped, Gomez "must say so in those clear terms." ECF No. 43 at 2. On the last day, Gomez instead filed three pages of his own definitions and swore that "no person other than himself prepared or assisted in preparing any document." ECF No. 54 at 1–3. On October 16, the Court found that Gomez "has twice failed to comply," rejected definitions it "neither intended nor conveyed," held that a stay was not "justified by good cause," and ordered full disclosure by October 30. ECF No. 72 at 1–2. On that last day, Gomez filed ECF No. 73 and disclosed nothing, continuing his direct defiance of this Court's orders.

## ARGUMENT

### I. Gomez has defied three disclosure orders and shows no good cause for a fourth deadline, so the Court should deny ECF No. 73 and compel disclosure within three days.

1. Rule 6(b)(1)(A) allows an extension only "for good cause," and ECF No. 73 shows none. Gomez claims that naming the "friends or family who helped him" would invite "retaliation." ECF No. 73 ¶ 2. Yet he identifies no threat, act, or communication by anyone. In fact, he named Pugsley almost two months ago, and does not claim anything has happened to Pugsley. ECF No. 40. Nor does the rule bend to fear. It provides that "all parties appearing without counsel must disclose the identity of any individual who has prepared, or assisted in preparing, any documents filed in this Court." Loc. R. 102.1(a)(ii).

2. Likewise, the attorney Gomez "recently consulted" changes nothing. ECF No. 73 ¶ 3. The disclosure needs only names Gomez already knows. On October 16, the Court found that a stay was not "justified by good cause." ECF No. 72 at 1. Since then, only the calendar has changed.

3. *Pro se* litigants owe the same "respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Gomez has now used the last day of two deadlines to file something other than what the Court ordered. So the Court should order full compliance within three days and give the "explicit warning" that *Ballard* calls "a critical fact," naming dismissal with prejudice, contempt, a daily fine, and fees. *Ballard*, 882 F.2d at 95–96.

4. Nor can Gomez shed ECF No. 72 by walking away. The disclosure duty attaches to papers already on this docket, and the Court still "consider[s] collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Indeed, there is "no jurisdictional bar to the imposition of sanctions after a voluntary dismissal." *In re Kunstler*, 914 F.2d 505, 512–13 (4th Cir. 1990). Nor must the Court let a plaintiff use Rule 41 to "avoid an adverse ruling in federal court." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 180 (4th Cir. 2008). ECF No. 72 is that adverse ruling, and it binds Gomez however this case ends.

## II. Every day this suit stays open stigmatizes Defendants, and Gomez cannot escape an adverse ruling by walking away, so the Court should dismiss with prejudice.

5. Gomez accuses Vertex of bribing public employees and laundering money, yet he identifies no payment, no bribe, and no laundered dollar. ECF No. 11 ¶¶ 68, 174,

182, 184; ECF No. 70-1 ¶ 216; ECF No. 44 at 8–9. Civil RICO is “an unusually potent weapon,” and its “very pendency” alone “can be stigmatizing.” *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). Rule 9(b) exists “to protect defendants from frivolous suits” and “from harm to their goodwill and reputation.” *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Each day the case remains pending extends that harm.

6. Gomez’s own disobedience forecloses a dismissal without prejudice. Rule 41(a)(2) permits dismissal only “on terms that the court considers proper,” and the Court weighs “the opposing party’s effort and expense,” “excessive delay and lack of diligence,” “insufficient explanation of the need for a voluntary dismissal,” and “the present stage of litigation.” Fed. R. Civ. P. 41(a)(2); *Howard*, 302 F. App’x at 178–79.

7. Each factor turns on what Gomez has done. Defendants’ expense flows from his defiance, because Defendants have made four separate filings to force the disclosure that the Local Rule and three orders require. ECF Nos. 23, 42, 57, 65. He has disobeyed three orders over fifty-nine days. ECF Nos. 35, 43, 54, 72, 73. His only explanation is a fear of retaliation he never supports or justifies in any way. ECF No. 73 ¶ 2. And he seeks to leave at the very moment compliance is due, while Defendants’ Rule 11 and contempt motions await decision. ECF Nos. 44, 65. A dismissal without prejudice would reward that disobedience with the stay the Court already refused and leave Defendants to defend the same accusations whenever Gomez chooses to refile them.

8. The Court has three independent tools to end this case with prejudice, and each one is appropriate here. Rule 41(a)(2) itself empowers the Court to “dismiss an

action with prejudice." *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004). Gomez invoked that very rule, ECF No. 73 ¶ 5, and *Miller* upheld the denial of a "last-minute" request for voluntary dismissal that, like his, came while the opposing party's motion awaited decision. *Miller*, 114 F. App'x at 539–40. Rule 41(b) reaches a plaintiff who fails "to comply with these rules or a court order," and Gomez has defied three. Fed. R. Civ. P. 41(b). And finally the Court's inherent authority reaches "conduct which abuses the judicial process," where "outright dismissal" lies "within the court's discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Gomez asked to end this case. The Court should grant that request on the only terms his conduct has earned, with prejudice.[1]

## III. Gomez filed baseless accusations, told two courts opposite stories, and hides who writes his papers, so the Court should impose full sanctions and compel the names before any dismissal.

9. Full Rule 11 sanctions are warranted. The Circuit Court for Baltimore City warned Gomez in March against filings "filed with vexatious or dilatory intent," and in August against "further baseless attempts to collaterally challenge the Court's Orders." ECF No. 44 at 2. Less than a day after that second warning, Gomez filed a complaint attacking the very writ ruling the state court upheld and accusing Vertex of bribery, wire fraud, extortion, and money laundering. ECF No. 44 at 2–3, 6–9. He names no payer, no recipient, no amount, and no transfer, and he concedes that his evidence remains to be

[1] Gomez loses on the merits anyway. His claims ask this Court to overturn state-court judgments, relitigate a writ dispute pending in his own state appeal, and punish protected petitioning, and he pleads no damages the lawful foreclosure judgment did not itself cause. ECF Nos. 24, 55. More time only delays the inevitable, at Defendants' expense.

found in discovery. ECF No. 11 ¶¶ 68, 166. That pleading violates Rule 11(b)(1), (b)(2), and (b)(3). So the Court should grant ECF No. 44, strike those allegations, award Vertex its fees, and require leave before Gomez files any new paper in this action that attacks the state-court orders. ECF No. 44 at 15. And because this action should end, the Court should extend that condition to any new action Gomez files in this Court that attacks those orders.

10. Gomez's falsehoods since then call for more. He argued on appeal that his eviction lacked statutory notice, then alleged here three times that those "notice failures" were never "raised in state court," repeating the claim even after Defendants exposed it. Appellant's Supp. Mem. 4; ECF No. 45-1 ¶ 56; ECF No. 55 at 4–5; ECF No. 66-1 ¶ 56; ECF No. 70-1 ¶ 81. And after swearing that "no person other than himself" helped him, he now concedes that "friends or family" did. ECF No. 54 at 3; ECF No. 73 ¶ 2.

11. Because the "violation of Rule 11 is complete when the paper is filed," "a voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell*, 496 U.S. at 395. Gomez's only answer to ECF No. 44 is that Vertex filed it on the twenty-first day. ECF No. 64 at 2. But he corrected nothing, and on October 15 he revived the laundering charge he had dropped. ECF No. 66-1; ECF No. 70-1 ¶ 216. Rule 11(c)(3) also lets the Court act on its own, but a monetary sanction then requires an order issued "before voluntary dismissal." Fed. R. Civ. P. 11(c)(3), (c)(5)(B). The Court should issue that order now and require Gomez to show why he should not pay "a penalty into court" for each false statement. Fed. R. Civ. P. 11(c)(4).

12. Beyond that, Rule 11 reaches any attorney "responsible for the violation," and an attorney who drafts for a *pro se* party falls within this Court's "disciplinary jurisdiction." Fed. R. Civ. P. 11(c)(1); Loc. R. 102.1(a)(ii). Hidden drafting "effectively nullifies the certification requirement of Rule 11" and "constitutes a misrepresentation to the Court." *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). The Court cannot assign responsibility for the accusations ECF No. 44 challenges until it knows who wrote them.

13. Gomez's refusal supports an inference of its own. When a party offers "weak evidence when strong is available," that choice "can lead *only* to the conclusion that the strong would have been adverse." *Interstate Circuit, Inc. v. United States*, 306 U.S. 208, 226 (1939) (emphasis added). Gomez holds the strongest evidence there is of who wrote his papers, the names themselves. In their place, he has offered self-made definitions, a sworn denial he has since abandoned, and a fear he never supports. ECF No. 54 at 1–3; ECF No. 73 ¶ 2. The reason is plain. Anyone who helped write these papers shares their Rule 11 exposure, and a lawyer willing to stand behind them would simply sign them. A helper who stays hidden does not want to answer for the sanctionable accusations Rule 11 forbids. Because the Court may "consider collateral issues after an action is no longer pending," it should compel the names however this case ends and issue the appropriate sanctions. *Cooter & Gell*, 496 U.S. at 395.

## CONCLUSION

Gomez has told two courts opposite stories and defied this Court three times. That cannot stand. The Court should (1) deny ECF No. 73; (2) order Gomez to file the verified

disclosure required by ECF No. 72 within three days, on pain of civil contempt, a daily coercive fine, and Defendants' fees; (3) grant ECF No. 44, finding violations of Rule 11(b)(1), (b)(2), and (b)(3), striking the challenged allegations, awarding Vertex its fees, and requiring leave of court before Gomez files any new paper in this action, or any new action in this Court, that attacks the state-court orders; (4) order Gomez to show cause under Rule 11(c)(3) why ECF No. 45-1 ¶ 56, ECF No. 66-1 ¶ 56, and ECF No. 70-1 ¶¶ 81 and 216 do not violate Rule 11(b) and why he should not pay a penalty into court; (5) grant ECF No. 65 to the extent it seeks enforcement of ECF Nos. 35 and 43, contempt, and sanctions; and (6) then dismiss this action with prejudice under Rules 41(a)(2) and 41(b) and its inherent authority, retaining jurisdiction to enforce the disclosure and impose sanctions.

Date: October 31, 2026

Respectfully submitted,

Steven Tessler[2,3]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
Counsel for Vertex TL LLC and the Deedholder Defendants

[2] The undersigned declares under penalty of perjury that the factual statements in this paper that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits are true and correct. *See* 28 U.S.C. § 1746. Executed on October 31, 2026.

[3] The undersigned appears solely as counsel for Vertex TL LLC and the Deedholder Defendants, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See, e.g.*, *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).

## Certificate of Service

I hereby certify that on October 31, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

Steven Tessler