UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FAUSTO GOMEZ, | * |
| | * |
| *Plaintiff*, | * |
| | * |
| v. | * Case No.: 1:26-cv-01445-MJM |
| | * |
| YISROEL ARYEH SCHAFFEL, *et al.*, | * |
| | * |
| *Defendants.* | * |

**OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OR VOLUNTARY DISMISSAL BY DEFENDANTS GLENDA HOLMAN, KENYATTA WASHINGTON, AND EARL MCQUEEN**

Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington (the "Sheriff Defendants"), by and through their undersigned counsel, Assistant Attorney General David C. Merkin, respectfully submit this Opposition to Plaintiff's Motion for Stay or Voluntary Dismissal (ECF No. 73) and join in the arguments raised by Defendant Tessler in his Opposition to Plaintiff's Motion to Stay (ECF No. 74).

## ARGUMENT

### I. LEGAL STANDARD FOR GRANTING A STAY OF PROCEEDINGS.

A stay of proceedings is an extraordinary remedy that should be granted only in exceptional circumstances. The moving party bears a heavy burden in showing that the circumstances warrant disrupting the normal judicial process. Generally, a court should stay proceedings when: (1) a stay will cause minimal prejudice to the non-moving party; (2) the movant has shown a strong likelihood of success on the merits; and (3) the moving party will suffer irreparable harm if the stay is not granted. Here, Plaintiff has failed to satisfy any of these criteria.

## II. PLAINTIFF'S MOTION LACKS ADEQUATE JUSTIFICATION FOR A STAY.

### A. Plaintiff Provides No Legally Sufficient Reason for a Stay.

Plaintiff's Motion for Stay does not identify any pending appeal, ongoing administrative proceeding, or other extraordinary circumstance that would justify halting this litigation. A motion for stay cannot be granted on general inconvenience or Plaintiff's desire to pause the proceedings. Rather, the movant must demonstrate compelling reasons why the normal course of litigation should be disrupted.

Plaintiff's *pro se* status does not excuse him from complying with applicable deadlines and discovery obligations. The Court has already established clear deadlines and procedures in this case. Plaintiff's inability or unwillingness to meet those deadlines is not grounds for a stay of the entire litigation.

### B. Continuance of Proceedings Does Not Prejudice Plaintiff.

Plaintiff will suffer no prejudice from the continuation of discovery and pretrial proceedings in this case. Plaintiff initiated this litigation and chose to assert the claims now before the Court. Once a plaintiff elects to pursue federal litigation, he may not unilaterally impose delay on defendants and the judicial system by seeking stay after stay.

The Sheriff Defendants, in contrast, will be significantly prejudiced by a stay. A stay will extend the period during which these defendants remain under the cloud of litigation for conduct they performed in their official capacities. Moreover, the delay impairs the defendants' ability to mount a prompt and effective defense by allowing the facts to recede further into the past and witnesses' recollections to fade.

### C. Plaintiff Has Not Demonstrated a Likelihood of Success on the Merits.

Plaintiff has failed to plead claims that survive a motion to dismiss. The Sheriff Defendants' Motion to Dismiss remains pending and establishes that Plaintiff's allegations do not state plausible claims under either federal or state law. In particular: First, Plaintiff has not overcome qualified immunity. The Sheriff Defendants executed a facially valid writ of possession issued by a court of competent jurisdiction. No clearly established law prohibits law enforcement officers from executing such writs. Qualified immunity thus shields the Sheriff Defendants from liability.

Second, Plaintiff has failed to state a claim based on pre-deprivation notice requirements. The Sheriff Defendants have no independent duty to investigate whether the foreclosure plaintiff or clerk's office complied with statutory notice provisions. The sheriff's role is ministerial—to execute writs as issued by the court. Third, Plaintiff's state law claims are barred by the Maryland Tort Claims Act. Plaintiff has pleaded no facts sufficient to establish actual malice or gross negligence that would overcome governmental immunity. Under Maryland law, the bare assertion that defendants acted wrongfully is insufficient.

## III. **THIS COURT'S PREVIOUS ORDER ESTABLISHES THE APPLICABLE TIMELINE.**

By Order dated October 16, 2026 (ECF No. 72), this Court established discovery deadlines and other pretrial obligations. Plaintiff participated in the preparation of this order and agreed to the stated timeline. Plaintiff cannot now seek to unwind the Court's order by requesting a stay. To permit such action would undermine judicial efficiency and the orderly administration of justice. If Plaintiff believes he requires additional time to comply with specific discovery obligations, the appropriate remedy is a targeted

motion for extension of a particular deadline, not a wholesale stay of all proceedings. Plaintiff has not requested any such targeted relief.

## IV. THE SHERIFF DEFENDANTS JOIN THE ARGUMENTS ADVANCED BY DEFENDANT TESSLER.

The Sheriff Defendants adopt and incorporate by reference the arguments set forth in Defendant Tessler's Opposition to Plaintiff's Motion to Stay (ECF No. 74). Those arguments apply with equal force to the Sheriff Defendants and establish why a stay is not warranted in this action.

## CONCLUSION

For the foregoing reasons, Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington respectfully request that this Court DENY Plaintiff's Motion for Stay or Voluntary Dismissal (ECF No. 73) and allow these proceedings to continue on the schedule established by the Court's October 16, 2026 Order.

Respectfully Submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ David C. Merkin
David C. Merkin
Assistant Attorney General
Federal Bar No. 12132
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
Telephone: (410) 576-6481
dmerkin@oag.maryland.gov

Date: November 2, 2026

Attorneys for Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2026, the foregoing Reply in Support of its Motion to Dismiss by Defendants Earl McQueen, Glenda Holman, and Kenyatta Washington, was filed on all parties of record via the CM/ECF system in accordance with the Court's rules and procedures. The Plaintiff, *pro* se, will be served via ECF as ordered.

/s/ *David C. Merkin*
David C. Merkin, #12132
Assistant Attorney General