**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FAUSTO GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>YISROEL ARYEH SCHAFFEL, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-01445-MJM |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR A TWO-MONTH STAY, OR ALTERNATIVELY FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (ECF 73), AND REQUEST FOR RECONSIDERATION OF ECF 72**

Plaintiff Fausto Gomez, pro se, files this single reply to Defendants' oppositions (ECF 74 and ECF 75) to his motion (ECF 73).

Plaintiff asks the Court to (1) grant ECF 73's request for a two month stay or if the Court denies that request, dismiss this case without prejudice; (2) evaluate the merits of Plaintiff's complaint at the motion-to-dismiss stage; and (3) reconsider ECF 72 and limit the scope of the local disclosure order to attorney helpers (Plaintiff will certify that no attorney helped him with any filing).

**Reasons to Grant Plaintiff's Motion (ECF 73)**

**A. Serves judicial economy and is in the interest of justice**

Plaintiff has contacted many lawyers in the hope that one would take the case on contingency. On October 28, 2026, one of these lawyers called Plaintiff and said they were interested in potentially taking the case.

Plaintiff has given the attorney case-related files, and the attorney is doing due diligence to decide whether to take the case on contingency and enter an appearance. A delay in the case would give the attorney enough time to finish that due diligence and make a decision.

Granting ECF 73 so that an attorney may enter an appearance before the case moves forward serves judicial economy for all parties involved. There have been many filings in this case, and it has been procedurally complicated. If Plaintiff has an attorney, the case should move more efficiently for all parties.

Additionally, an attorney would help Plaintiff navigate the Court's local disclosure order (ECF 72) in a way that minimizes the potential for retaliation against any friends or family who may have helped Plaintiff in any way with a filing.

The Court may grant a stay under its authority to manage its own docket. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936);

**B. Defendants are not prejudiced**

The case is still at an early stage:

- Defendants Shahbain, Alsamet, and Alnisafi's deadline to respond to the Second Amended Complaint is held in abeyance and has been since September 15, 2026. (ECF 52.)
- Motions for alternative service on Defendants Tessler and Schaffel are pending. (ECF 53; ECF 56.) In both cases, the process server stated that they believed the Defendant was evading service. If those assessments are correct, the behavior of the Defendants themselves delays the case.
- Plaintiff's motion for leave to file a Third Amended Complaint is pending. (ECF 70.) It adds Defendants who would need to be served if the motion is granted.

Both oppositions argue that a stay would prejudice Defendants. The Sheriff's Office Defendants argue that a stay would keep them under the "cloud" of litigation longer. (ECF 75 at 2.) Mr. Tessler argues that each day the case stays open harms Defendants' reputations. (ECF 74 ¶ 5.)

Defendants' arguments are without merit if Plaintiff is entitled to dismiss this case without prejudice and refile. Under Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

Also, Defendant Vertex TL LLC, which Mr. Tessler represents, asked the Court for a stay on September 17, 2026. (ECF 57.) The Sheriff's Office Defendants did not oppose Vertex's request for a stay. Defendants now claim a stay would prejudice them. This begs the question whether Defendants are now opposed to a stay because a delay would prejudice them or because they prefer for the case to proceed without Plaintiff having an attorney.

**Request to Evaluate the Merits at the Motion-to-Dismiss Stage**

Opposing counsel argue the merits of Plaintiff's Complaint using their own facts. In nearly all of his substantive motions, Mr. Tessler asserts his own facts and asks the Court to accept them as true. Counsel for the Sheriff's Office Defendants does the same in his opposition, asserting as fact that the "Sheriff Defendants executed a facially valid writ of possession." (ECF 75 at 3.)

Plaintiff believes the appropriate place to respond to the merits is the motion-to-dismiss stage, where the Court accepts the facts in the complaint as true and views them in the light most favorable to Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff asks the Court to decide the merits based on the complaint at the motion-to-dismiss stage. If the Court will consider opposing counsel's merits arguments before then, Plaintiff asks the Court to explicitly order Plaintiff to respond to them.

**In an abundance of caution, Plaintiff briefly responds to some of the merits arguments here**

Mr. Tessler's opposition takes an incredulous, vitriolic tone as if Plaintiff's claims are absurd. The Sheriff's Office Defendants incorporate Mr. Tessler's arguments by reference.

However, the following facts are not only asserted in the Complaint, they are proven by emails, photographs and scans of documents already in Plaintiff's possession.

1) The eviction was carried out with a quashed writ and without proper notice, and the Sheriff's Office Defendants planned it with the private Defendants while telling Plaintiff it was cancelled.

- Defendant McQueen presented a quashed writ of possession at the eviction as the legal authority for the eviction. This contradicts the Sheriff's Office Defendants assertion that the eviction was executed using a facially valid writ. Plaintiff has a photograph showing a quashed writ (i.e. an invalid writ) was presented at the eviction. **(Exhibit A)**
- The Sheriff's Office told Plaintiff that the March 18 eviction was cancelled while it planned the eviction with Mr. Tessler and the private Defendants for March 18. Plaintiff has the emails. **(*see* Exhibit B: emails from the Sheriff's Office Defendants telling Plaintiff the March 18 eviction was cancelled); (*see* ECF 68-1 at 14: Sheriff's Office Defendants agreeing to discuss the private Defendants' request to keep the March 18 eviction date).**
- The notice Mr. Tessler sent on behalf of his clients is postmarked March 6. That notice cannot meet the 14-day notice requirement under Baltimore City law, Baltimore City Code, Art. 13, § 8B-3, or the requirement under Maryland law that a tenant receive written notice at least 30 days before the plaintiff takes possession, Md. Code Ann., Tax-Prop. § 14-836(b)(7)(i). Additionally, Mr. Tessler's letter did not state the eviction date. Plaintiff has a scanned copy of the postmarked envelope and the letter. **(Exhibit C)**
- Mr. Tessler repeatedly asserts that the claims in this case are the same as what was litigated in state court. *E.g.*, ECF 74 at 2; *id.* at 6 n.1. That is not true, and a review of the state court documents proves it. For example, in state court, Plaintiff was the defendant (and then appellant). Before this case, Plaintiff had never sued any Defendant named here for any reason. Mr. Tessler quotes the state court filings out-of-context and treats any state filing that mentions the word "notice" or "writ" as having "raised" the federal claims.[1]

2) Briefly, on the RICO conspiracy claims: Defendant Schaffel, through Defendant Tessler as his counsel, has himself accused members of the RICO enterprise described here of

[1] Similarly, in ECF 74, Mr. Tessler quotes the record of this case out-of-context, to claim that Plaintiff's responses to prior Local Disclosure Orders contradict each other.

criminal conduct. *See Schaffel v. Real Property Investment Partners, LLC*, No. 1:25-cv-00721 (D. Md.).

**Recurring Calls for Sanctions, Injunctions and for Plaintiff to be Held in Contempt**

Mr. Tessler's filings repeatedly ask for Rule 11 sanctions, preliminary injunctions, and/or for Plaintiff to be held in contempt. *E.g.*, ECF 44; ECF 48; ECF 57; ECF 65; ECF 69; ECF 75. Mr. Tessler's apparent strategy is to attack, attack, attack; to engage in litigation by attrition. These motions also shift focus away from the claims in the Complaint and onto Defendants' own facts and allegations.

The Court has not granted any of these requests. But each one forces Plaintiff to choose: ignore a filing, or part of a filing, and risk a severe adverse ruling; or spend significant time responding.

Mr. Tessler's LinkedIn profile lists "AI for Legal Professionals" among his top skills. **(Exhibit D).** Filing these motions probably costs him little.

Additionally, Mr. Tessler's strategy of repeatedly asking for the most severe relief – sanctions, injunctions and in ECF 75 asking for dismissal with prejudice – kind of makes sense, because his clients lose nothing if the request is denied, and gain a great deal if just once one of their requests is granted.

These facts further support the need for a stay so that Plaintiff may obtain counsel. Plaintiff also requests that this Court use its inherent authority to limit Mr. Tessler's filings.

**Reasons to Reconsider Local Disclosure Order (ECF 72) and Limit the Order to Attorneys**

ECF 72 requires Plaintiff to name any person, attorney or otherwise, who has helped him in any of the ways the Order lists. Mr. Tessler argues that the disclosure is needed so that any attorney who drafted Plaintiff's filings can be held responsible under Rule 11. ECF 74 ¶ 12.

Rule 11 sanctions only reach an "attorney, law firm, or party." Fed. R. Civ. P. 11(c)(1). A friend or family member who is not an attorney and not a party is none of these. Limiting the order to attorneys would address Mr. Tessler's concern, and it would protect Plaintiff's friends or family from retaliation.

Plaintiff will certify under penalty of perjury that no attorney helped him with any filing in this case. The Court may revise ECF 72 at any time before final judgment. Fed. R. Civ. P. 54(b).

**Relief Requested**

Plaintiff asks the Court to:

1. Grant ECF 73: stay this case for two months and/or extend the deadline to comply with ECF 72 by two months. If the Court denies that request, Plaintiff requests dismissal of this case without prejudice.
2. Evaluate the merits of Plaintiff's complaint at the motion-to-dismiss stage. If the Court will consider opposing counsel's merits arguments before then, Plaintiff asks that the Court direct him in a written order to respond to them.
3. Reconsider ECF 72 and limit it to disclosure of any attorney who has helped Plaintiff with any filing in this case.
4. Use its inherent authority to limit Mr. Tessler's filings.

Respectfully submitted,

Fausto Gomez

Fausto Gomez, Plaintiff, pro se
9315 Oak White Rd.
Nottingham, MD 21236
Faustogomez3080@hotmail.com