# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Gomez,

Plaintiff,

v.

Schaffel, *et al.*,

Defendants.

Case No.: 1:26-cv-01445-MJM

## DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY, AND SURREPLY TO PLAINTIFF'S REPLY AND SUPPLEMENT (ECF NOS. 77, 78)

Fausto Gomez asked this Court for two more months and cited no case. His reply then added the law he left out, four exhibits, a new request to reconsider the disclosure order, and a new request to limit defense filings. Defendants had nothing to answer before. They ask leave to answer it now, and briefly.

## ARGUMENT

### I. Gomez raised his legal arguments for the first time in reply, so the Court should grant leave to answer them.

1. Surreplies are "not permitted" unless the Court has "otherwise ordered." Loc. R. 105.2(a). The Court allows one when a party could not otherwise contest matters raised "for the first time" in a reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Defendants ask by motion and state the grounds "with particularity." Fed. R. Civ. P. 7(b)(1)(B).

2. The grounds are plain. The motion itself was one page that sought "a two-month extension" and cited two rules and no case. ECF No. 73 at 1. The reply asks the Court to "reconsider" its order, argues the reach of Rule 11, cites three cases, adds four exhibits, and asks the Court to "limit Mr. Tessler's filings." ECF No. 77 at 2–6. An argument "raised for the first time" in reply "will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). The Court should decline the new requests or, if it reaches them, hear Defendants first.

3. The supplement fares worse. The Court allowed "a single reply," due by November 12. ECF No. 76 at 1. Gomez filed a second "supplement to his reply" on November 13 without leave. ECF No. 78 at 1. The Court should disregard it.

## II. The Court already ordered Gomez to name non-attorneys, and his offer to certify that no attorney helped him is the answer the Court has twice found incomplete.

4. Gomez now offers to swear that "no attorney" helped him. ECF No. 77 at 1. He said the same thing two months ago, that "No attorney has assisted" him. ECF No. 40 at 1. The Court called it an "incomplete disclosure." ECF No. 72 at 1. He then swore that "no person other than himself" helped and argued that the rule "is directed at authorship." ECF No. 54 at 2–3. The Court rejected those "narrow definitions" and ordered him to state, for every person, "whether the individual is an attorney." ECF No. 72 at 1–2. That order would make no sense if only attorneys had to be named.

5. Rule 54(b) does not invite a third try. A court revisits an interlocutory order for "substantially different evidence," a "change in applicable law," or "clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

Gomez offers none of the three. He repeats the fear of "retaliation" from his motion and still identifies no threat, no act, and no person who made one. ECF No. 77 at 2.

6. His own conduct answers that fear. In September, Gomez identified Donald Pugsley, "a friend of Plaintiff" who is "not an attorney," and described his work. ECF No. 40 at 1. Gomez does not claim that anyone has retaliated against Pugsley since. If it was safe to name one non-attorney in September, Gomez offers no fact showing why it is dangerous to name the rest now.

7. Nor is it plausible that no lawyer helped. His papers carry parallel reporter citations, "internal quotation marks omitted," and pinpoint short forms down to "*id.* at 6 n.1." ECF No. 54 at 1–3; ECF No. 77 at 4. That is the work of someone trained in legal citation. Whoever did it "assisted in preparing" these filings, and the rule requires the name. Loc. R. 102.1(a)(ii).

**III. Rule 11 is not the only rule that reaches a non-attorney, and friends and family who help bring a suit must answer for it like anyone else.**

8. Gomez argues that non-attorneys need not be named because Rule 11 reaches only an "attorney, law firm, or party." ECF No. 77 at 6. But the Local Rule reaches "any individual." Loc. R. 102.1(a)(ii). And this Court's power over its own process does not depend on Rule 11 at all. That power reaches any "conduct" that "abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

9. Maryland law also reaches the person who helped. To practice law includes "preparing or helping in the preparation" of a document "filed in a court." Md. Code Ann., Bus. Occ. & Prof. § 10-101(h)(2)(iii). No one may do that unless "admitted to the

Bar." Md. Code Ann., Bus. Occ. & Prof. § 10-601(a). Gomez himself told this Court that "the preparation of legal documents" is the practice of law. ECF No. 54 at 2. On his own test, a friend or relative who drafted his papers practiced law without a license.

10. Helping to prepare these filings carries severe consequences of its own. A person who practices law without admission is "guilty of a misdemeanor" and faces a fine "not exceeding $5,000," imprisonment "not exceeding 1 year," or both. Md. Code Ann., Bus. Occ. & Prof. § 10-606(a)(3). The same person may also answer for abuse of process, which reaches anyone who uses process "in a manner not contemplated by law" to serve "an ulterior motive." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 346 Md. 29, 38 (1997). Whether anyone crossed those lines is for this Court, or the agencies that police the practice of law, to decide on a full record. That inquiry cannot begin until Gomez gives the names.

11. The rule on wrongful civil proceedings reaches the same person. Liability extends to anyone who "takes an active part" in the "initiation, continuation or procurement" of a civil case. Restatement (Second) of Torts § 674 (Am. L. Inst. 1977). A relative who helps file charges of bribery and money laundering, with "no payment" ever identified, takes that "active part." ECF No. 74 at 4. Family ties are no defense.

12. What Gomez calls retaliation is the same responsibility the law places on every person who takes part in a suit. Defendants ask only for the names this Court has already ordered. What follows from them is for the Court, and the Court cannot act on people it cannot name.

## IV. The reply shows no hardship that would justify a stay and no path out of the disclosure order.

13. Gomez quotes *Landis* for the power to stay but skips the next page, which puts the burden on him. He must show "a clear case of hardship or inequity" whenever there is "even a fair possibility" that the stay "will work damage" to someone else. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). He shows neither. A lawyer who is "interested" can appear at any time, and the disclosure calls only for names Gomez already knows. ECF No. 77 at 1.

14. His reason for delay proves the point. He wants a lawyer to help him handle the order to protect "friends or family" who "helped Plaintiff." ECF No. 77 at 2. That sentence admits the helpers he swore did not exist. ECF No. 54 at 3. It also states the purpose of the stay, which is to keep their names from the Court.

15. Vertex's earlier request does not help him either. Vertex asked to stay the case "until Plaintiff complies." ECF No. 72 at 1. That stay would have ended the day Gomez complied. His request for a stay would begin by excusing him from complying.

16. Nor does Rule 41 offer a way out. Gomez never filed a notice of dismissal under Rule 41(a)(1)(A)(i). He asked the Court to dismiss the case "at his request" under Rule 41(a)(2). ECF No. 73 at 1. Either way, a voluntary dismissal "does not expunge" a Rule 11 violation, and the Court keeps its power over "collateral issues." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The disclosure order and Vertex's Rule 11 motion survive any dismissal.

## V. The reply's own merits arguments confirm what Defendants have said all along.

17. Gomez asks the Court to judge the merits on "the facts in the complaint" alone. ECF No. 77 at 3. He then files exhibits from outside it. Defendants rely on his own pleadings and on state-court records, and a court may take "judicial notice" of "matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

18. The arguments themselves are the ones Gomez already made in state court. His notice point under Tax-Property § 14-836(b)(7)(i) is the "30 days notice" argument he pressed on appeal. ECF No. 74 at 2. His writ point attacks the same writ ruling the Circuit Court upheld. ECF No. 44 at 2–3.

19. Last, the reply says the Court "has not granted any" defense request. ECF No. 77 at 5. The Court granted Vertex's motion to compel "in part" and adopted Vertex's proposed language. ECF No. 72 at 1–2. It had already granted Vertex's motion to enforce the Local Rule. ECF No. 35 at 1. Each later defense filing on disclosure followed a disclosure the Court found incomplete. Gomez cites no authority for limiting a defendant's right to answer motions and accusations filed against it. Defense counsel has signed every paper and must answer for each under Rule 11. The people writing Gomez's papers answer for nothing until this Court has their names.

## CONCLUSION

The Court should (1) grant leave and accept this surreply; (2) disregard ECF No. 78 as an untimely second reply filed without leave; (3) deny the new requests in ECF No. 77 to reconsider ECF No. 72 and to limit defense filings; (4) deny ECF No. 73; (5) lift the

suspension in ECF No. 76 and order the verified disclosure required by ECF No. 72 within seven days; and (6) grant the relief requested in ECF No. 74.

Date: November 13, 2026

Respectfully submitted,



Steven Tessler[1,2]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
Counsel for Vertex TL LLC and the Deedholder Defendants

**Certificate of Service**

I hereby certify that on November 13, 2026, I electronically filed the foregoing Motion with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.



Steven Tessler

[1] The undersigned declares under penalty of perjury that the factual statements in this paper that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits are true and correct. *See* 28 U.S.C. § 1746. Executed on November 13, 2026.

[2] The undersigned appears solely as counsel for Vertex TL LLC and the Deedholder Defendants, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See, e.g.*, *Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).