**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **FAUSTO GOMEZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-26-1445** |
| **v.** | * | |
| | * | |
| **YISROEL ARYEH SCHAFFEL, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * *

**ORDER**

On October 16, 2026, the Court entered its third Order pursuant to Local Rule 102.1(a)(ii) (D. Md. 2025) directing self-represented plaintiff Fausto Gomez ("Plaintiff") to file a signed disclosure identifying each individual who has prepared, or assisted in preparing, each document Plaintiff has filed in this matter. ECF No. 72. The Order set a compliance deadline of October 30, 2026. *Id.* On the date his Local Rule 102.1(a)(ii) disclosure was due, Plaintiff filed a motion requesting a two-month extension of time to comply and/or two-month stay, or, alternatively, voluntary dismissal without prejudice. ECF No. 73. Defendants responded in opposition to this motion, ECF Nos. 74 & 75, and Plaintiff filed a six-page reply with several exhibits and a supplement, ECF Nos. 77 & 78. In his supplement Plaintiff "clarif[ies]" that he is requesting a stay until December 30, 2026 and/or reconsideration modification of the Court's Order of October 16, 2026, to limit the Local Rule 102.1(a)(ii) disclosure to the identification of attorneys. ECF No. 78. Defendants Steven Tessler, Vertex TL LLC, and deedholder defendants filed a motion for leave to file a sur-reply, ECF No. 79, which is granted to permit responses to new requests and arguments Plaintiff made for the first time in his reply.

As an initial matter, the Court finds that reconsideration of its prior Order is unwarranted. Whether to alter or amend an interlocutory order "is committed to the discretion of the district court[.]" *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citation omitted). "[A] court may revise an interlocutory order under the same circumstances in which it

may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quoting *Am. Canoe Ass'n*, 326 F.3d at 515). Plaintiff's belated request for reconsideration is not based on any new evidence or change in the law, and the Court does not find any clear error or manifest injustice in its Order.

In his motion, Plaintiff expresses fear that "naming friends or family who helped him with any task will expose them to retaliation from Defendants' counsel . . . and Baltimore City officials[,]" given that "[s]uch persons may be employed by or do business with Baltimore City." ECF No. 73. The Court finds these concerns irrelevant to whether an extension of the compliance deadline is justified, and Plaintiff fails to provide facts to support any reasonable fear of retaliation.

In further support of his motion, Plaintiff states that he has recently consulted an attorney, and the attorney is reviewing the case and considering whether to represent Plaintiff. *Id.*; ECF No. 77 at 1. "Plaintiff requests time for that review to finish." ECF No. 73. Plaintiff's effort to obtain counsel is good cause for a modest extension of his deadline, as it may be a time-consuming endeavor and interfere with prompt completion of the Local Rule 102.1(a)(ii) disclosure. But the two-month extension and stay Plaintiff requests is extreme and unjustified. Plaintiff does not need the assistance of an attorney to complete and file the Local Rule 102.1(a)(ii) disclosure, and he would remain obligated to file it whether he obtains counsel or not.

Four weeks have passed since the Court entered its last Order requiring Plaintiff to file a Local Rule 102.1(a)(ii) disclosure. Now that it has assessed Plaintiff's motion for an extension, the Court will give Plaintiff another week to comply. Five weeks is more than sufficient for Plaintiff to seek counsel and to comply with the prior Order.

Plaintiff requests voluntary dismissal without prejudice in the alternative to the two-month extension and stay. While Plaintiff remains free to file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41, Plaintiff cannot avoid compliance with the Court's Order through voluntary dismissal. The Court may retain jurisdiction to "consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The Court notes, for example, that there is at least one pending motion for sanctions against Plaintiff under Federal Rule of Civil Procedure 11, *see* ECF No. 44, which cannot be resolved through voluntary dismissal without withdrawal or consent of the movant, *see Bose v. Jews*, Civ. No.

WDQ-09-3400, 2010 WL 2427435, at *1 (D. Md. June 11, 2010) ("[V]oluntary dismissal moots the Defendants' motion to dismiss but not their motion for sanctions); *id.* at *1 n.1 ("Rule 11 sanctions may be imposed when a case is no longer pending.") (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002)).

Accordingly, it is this 13th day of November, 2026, by the United States District Court for the District of Maryland, hereby

ORDERED that Plaintiff's motion for extension of time and/or stay is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that Plaintiff SHALL COMPLY with this Court's Order of October 16, 2026, no later than **November 20, 2026.**

The Clerk SHALL SEND a copy of this Order to Plaintiff and to counsel for the defendants.

/S/
Matthew J. Maddox
United States District Judge