IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAUSTO GOMEZ,

Plaintiff,

Civ. No. MJM-26-1445

v.

YISROEL ARYEH SCHAFFEL, et al.,

Defendants.

USDC- BALTIMORE
'26 NOV 20 PM12:50

**PLAINTIFF'S MOTION TO SEAL THE NAMES IN HIS LOCAL RULE 102.1(a)(ii) DISCLOSURE**

Plaintiff Fausto Gomez, pursuant to Local Rule 105.11 and Fed. R. Civ. P. 5.2(d)–(e), moves for leave to file under seal the unredacted version of his Local Rule 102.1(a)(ii) disclosure and his Supplement to Motion to Seal, and states as follows:

1. On November 13, 2026, the Court ordered Plaintiff to comply with its Order of October 16, 2026 (ECF 72) no later than November 20, 2026. ECF 80 at 3. Plaintiff is complying. With this motion he files his disclosure in two versions: (a) a public version that redacts only the names of the people who helped him, and (b) a complete, unredacted version, lodged under seal. The public version complies totally with ECF 80 with just names and identifying information redacted.

2. Plaintiff asked for an extension to comply so that he would have the opportunity to have a lawyer help him with this filing. At the time, an attorney he had consulted was reviewing the case and had not yet decided whether to represent him. ECF 73 ¶ 3.

3. Plaintiff does not ask the Court to reconsider ECF 72 or ECF 80, to extend the deadline, or to stay anything. This motion asks only who may see the helpers' names and identifying information.

HD
Rcv'd by: AR

4. The reasons for sealing, supported by specific facts, are set out in the Memorandum in Support, filed herewith. L.R. 105.11(a). In short:

a. Withholding the names does not affect Defendants' arguments. The helpers are not parties, and their identities bear on no claim or defense. Defendants can make every argument they could make with the names.

b. Putting the names on the public docket creates a risk of retaliation against the helpers.

c. If any helper is later called as a witness, disclosing the names now creates a risk of witness intimidation.

5. In ECF 80, the Court found Plaintiff's concerns about retaliation "irrelevant to whether an extension of the compliance deadline is justified," and found that Plaintiff "fails to provide facts to support any reasonable fear of retaliation." ECF 80 at 2.

6. This motion asks for something different: that the names be redacted/sealed under Local Rule 105.11. The Memorandum in Support supplies relevant facts and arguments.

6. The person(s) who helped Plaintiff are innocent non-parties. They are not parties to this case, are not accused of anything, and are private individuals, not public figures. In deciding whether to protect a person's identity in court records, the Fourth Circuit weighs the risk of retaliatory harm to the requesting party "or even more critically, to innocent non-parties." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). When sensitive information concerns non-parties who are not public figures, the balance in favor of protecting their privacy "is strengthened." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000). Courts in this Circuit likewise recognize that "personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit." *FTC*

*v. Syngenta Crop Prot. AG*, 695 F. Supp. 3d 701, 706 (M.D.N.C. 2023) (quoting *Stevens v. Cabarrus Cnty. Bd. of Educ.*, No. 1:20-CV-335, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022)). And the Fourth Circuit has approved redacting individuals' identities rather than "subjecting them to potential embarrassment or harassment." *Pub. Interest Legal Found., Inc. v. N.C. State Bd. of Elections*, 996 F.3d 257, 267–68 (4th Cir. 2021). And if any helper is later called as a witness, the Fourth Circuit lists "protecting the privacy rights of trial participants such as victims or witnesses" among the interests compelling enough to justify sealing. *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Plaintiff has not found a case that decides whether the names of non-attorneys who helped a self-represented litigant may be withheld from the public or from opposing parties. This Motion and the Memorandum explain why the closest cases support the relief requested here.

7. The public's right of access to court records comes from the common law and the First Amendment. The common-law right applies to all judicial records, and it gives way when "countervailing interests heavily outweigh the public interests in access." *Public Citizen*, 749 F.3d at 266 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right applies "only to particular judicial records and documents," such as materials filed with a summary judgment motion, and it gives way to a compelling interest when the restriction is narrowly tailored. *Id.* at 266–67 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). The list of people who helped Plaintiff is not filed in connection with any ruling on the merits, so the common-law standard applies. Indeed, to the extent a document is not relevant to the adjudicative process, "no right of access applies." *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-cv-568, 2014 WL 459851, at *1 (M.D.N.C. Feb. 5, 2014). But the request meets either standard. Protecting the privacy of witnesses is a recognized

compelling interest, *Public Citizen*, 749 F.3d at 269, and courts have redacted the names of non-parties to shield them from retaliation. *United States v. Swartz*, 945 F. Supp. 2d 216, 221–22 (D. Mass. 2013). The Fourth Circuit has also held that protecting "the physical and psychological well-being of individuals related to the litigation . . . may justify restricting access," and that "direct threats are not 'a strict condition precedent'" to sealing. *United States v. Doe*, 962 F.3d 139, 147, 149 (4th Cir. 2020) (first quoting *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018); and then quoting *United States v. Doe*, 870 F.3d 991, 999 (9th Cir. 2017)). The helpers are innocent non-parties and potential witnesses, and the Memorandum in Support describes the risk of retaliation against them. Withholding only their names, and nothing else, is narrowly tailored.

8. Plaintiff is proposing a less drastic alternative to wholesale sealing. L.R. 105.11(b). Before sealing, a court must consider less drastic alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Plaintiff does not ask to seal the disclosure. He asks to redact only the names from the public version, which the Federal Rules allow. Fed. R. Civ. P. 5.2(d), (e)(1). Courts treat redaction as a less restrictive alternative to sealing entire documents. The Fourth Circuit has approved removing a person's name from court records, holding that "[t]here is no question about the propriety of excising the name of the informant," where the excision was "narrowly tailored . . . to preserve the substance" of the documents. *In re Knight Publ'g Co.*, 743 F.2d 231, 236 (4th Cir. 1984). Applying Local Rule 105.11, this Court refused to seal whole exhibits and held that Defendants could "adequately protect the information of non-parties by redacting the names" of those non-parties. *Jones v. Blair Wellness Ctr., LLC*, No. ADC-21-2606, 2023 WL 4352451, at *17 (D. Md. June 30, 2023). Another court in this Circuit sealed only a non-party's name, which was "not important to the disposition of the case," and

found "no less drastic action than sealing only his name." *Adjabeng*, 2014 WL 459851, at *2. This Court has done the same: it refused to seal entire briefs and ordered public versions that omitted only the plaintiff's name and home address. *Doe v. Darden Restaurants, Inc.*, 736 F. Supp. 3d 297, 303 (D. Md. 2024). If redacting a party's name was appropriate there, it is more so here, where the names belong to non-parties. *See James*, 6 F.3d at 238 (risk to "innocent non-parties" weighs "even more critically").

9. Plaintiff asks the Court to decide who may see the unredacted version, in this order of preference:

a. First preference: the public and all defense counsel receive only the redacted version. The Court alone reviews the unredacted version, in camera and ex parte. In *Public Interest Legal Foundation*, the Fourth Circuit upheld a district court's decision to let a party file a motion under seal and ex parte, where the motion discussed sealed criminal investigations and grand jury subpoenas. 996 F.3d at 262 & n.4. Here, too, the sealed material is limited to information whose disclosure risks harm to others, and everything else is filed publicly. The Fourth Circuit has also protected the identities of people who gave information against a party, where the party's "real purpose" was to find out who they were and it already had the substance of what it needed. *Wirtz v. B.A.C. Steel Prods., Inc.*, 312 F.2d 14, 16 (4th Cir. 1962).

b. Second preference, in the alternative: defense counsel of record receive the unredacted version on an attorneys'-eyes-only basis, and may not share the names with any party. The Fourth Circuit has upheld a similar approach, in which a non-party's identity was first limited to the parties' lawyers and was shared with the

parties only after a showing that it was relevant to their defenses. *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240, 246–47, 249 (4th Cir. 2009). Because Mr. Tessler is both a Defendant (ECF 80 at 1) and an attorney in this case, he would not receive the unredacted version. Moreover, Plaintiff has reason to believe Mr. Tessler may engage in intimidation or retaliation, as described in the Memorandum in Support.

10. Plaintiff also files a Supplement to Motion to Seal, ex parte and under seal, for the Court's in camera review. He asks that the Supplement be sealed in full and made available only to the Court.

a. Reasons for sealing (L.R. 105.11(a)). The Supplement consists entirely of identifying information about the person(s) for whom Plaintiff seeks protection.

b. Why alternatives would not provide sufficient protection (L.R. 105.11(b)). Redaction is not possible, because every part of the Supplement is identifying information.

11. Under Local Rule 105.11, the unredacted version of the local disclosure and the Supplement remain temporarily sealed until the Court rules. If the Court denies this motion in any part, Plaintiff will serve or file an unredacted version. If the Court denies the request to seal the Supplement, Plaintiff asks for the opportunity to withdraw it, as Local Rule 105.11 provides.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (a) sealing the unredacted version of his Local Rule 102.1(a)(ii) disclosure; (b) directing that the unredacted version be available only to the Court; or, in the alternative, (c) permitting defense counsel of record, other than Mr. Tessler, to review the unredacted version on an attorneys'-eyes-only basis, without sharing the names with any party; (d) providing that the order is without prejudice to any

party's motion for disclosure of a name on a showing that it is relevant to a claim or defense; (e) sealing the Supplement to Motion to Seal in full and directing that it be available only to the Court, ex parte and in camera; and (f) granting any other relief the Court finds just.

Respectfully submitted,

Fausto Gomez

Fausto Gomez
9315 Oak White Rd.
Nottingham, MD 21236
Faustogomez3080@hotmail.com
Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2026, I mailed a copy of the foregoing to counsel of record via first-class mail.

Fausto Gomez

Fausto Gomez