**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Gomez,<br><br>Plaintiff,<br><br>v.<br><br>Schaffel, *et al.*,<br><br>Defendants. | Case No.: 1:26-cv-01445-MJM |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEAL (ECF NO. 83), AND REQUEST FOR A PRESERVATION ORDER AND A FORMAL WARNING**

Vertex TL LLC and the Deedholder Defendants (together, "Vertex") oppose Gomez's Motion to Seal.[1] This Court has ordered Gomez four times to name everyone who helped write his filings, and its last order said he "SHALL FILE" each helper's "full name." ECF No. 72 at 2; *see* ECF Nos. 35, 43, 80. Gomez instead filed a blacked-out list and now asks to keep the names from the public and from Vertex. ECF No. 81; ECF No. 83 at 1, 5–7. Because this Court has already found that Gomez's fear of retaliation rests on no facts, he cannot justify sealing, and the Court should deny his motion and formally warn him to obey its orders.

[1] Unless otherwise noted, all citations are cleaned up and emphasis is added.

## ARGUMENT

### I. The blacked-out list is the attorneys-only disclosure this Court already rejected, so Gomez has not complied.

1. Gomez asked this Court to let him name only the "attorneys" who helped him, and the Court called that request "unwarranted." ECF No. 80 at 1. The Court also found that he "fails to provide facts" for "any reasonable fear of retaliation." *Id.* at 2. Yet a week later, Gomez filed a list built on the very good cause the Court found missing. It hides every name and tells Vertex only that each of his thirty-four helpers is "not an attorney." ECF No. 81 at 1–3. That is the same attorneys-only disclosure the Court refused, with the names left out. So although Gomez says he does not ask the Court "to reconsider" its orders, his list gives him exactly what reconsideration would have. ECF No. 83 at 1.

2. The public has a "general right to inspect and copy" what is filed in court. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). That right "extends to all judicial documents and records." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). A filing leaves the public docket only when the court orders that it "be made under seal." Fed. R. Civ. P. 5.2(d). And this District grants that order only on "specific factual representations," which this Court has already found Gomez lacks. Loc. R. 105.11. Put together, those rules leave one reading of the Court's order. A filing is public unless the Court seals it, the Court seals only on specific facts, and Gomez had none. So "SHALL FILE" meant put each helper's name on the public docket, where Vertex and the public

could read it. Gomez did not. His list even blacks out a friend whose name Gomez himself already put on the public docket. ECF No. 40 at 1; ECF No. 81 at 2.

## II. The public has a right to see the names, and Gomez has given no reason to override it.

3. Courts decide cases in public, because any step that hides part of a case "makes the ensuing decision look more like fiat." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). So Gomez must show "a compelling interest" to overcome the public's "strong presumption" of access. *Public Citizen*, 749 F.3d at 272. That right is "at its apex" when "the government is a party," and Gomez has sued Sheriff's Office employees. *Id.* at 271.

4. Gomez argues that only the weaker common-law right applies. ECF No. 83-1 at 2. Even if he is right, he still loses. Under the common law, Gomez must show that "countervailing interests heavily outweigh" the public's interest in access. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Under either standard, access "may be abrogated only in unusual circumstances." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).

5. And the Fourth Circuit "has never permitted" sealing on "unsubstantiated or speculative claims of harm." *Public Citizen*, 749 F.3d at 270. In *Public Citizen*, a company feared that an open record would hurt its name, but it pointed to no evidence, and the court, "after scouring the record," found "no credible evidence" to support that fear. *Id.* The court added that every case it found had rejected such fears "under the less demanding common-law standard." *Id.* at 269. Gomez's record is thinner still. This Court

has already found that his fears rest on no facts, and his exhibits do not change that. ECF No. 80 at 2. A union flyer from a Sheriff's election cannot show that anyone will harm a person who helped Gomez proofread a brief. So the standard he prefers changes nothing.

**III. This Court has already found that Gomez's fear of retaliation rests on no facts, so he cannot meet the standard for sealing.**

6. A week before Gomez filed this motion, the Court found that he "fails to provide facts" for "any reasonable fear of retaliation." ECF No. 80 at 2. Gomez adds none. He admits instead that retaliation "can't be proven in advance." ECF No. 83-1 at 8.

7. Courts routinely deny secrecy on far stronger records. In *Pittsylvania County*, a woman suing over prayer at county meetings received a letter from someone claiming to be the Klan's "Grand Dragon." The court found that the letter "clearly was sent in an effort to intimidate" her. *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 740 (W.D. Va. 2012). It still denied her anonymity, because "mere receipt of the letter does not give rise to a risk of retaliatory harm." *Id.* at 745. Gomez's record is far weaker. The plaintiff in *Pittsylvania County* held a letter, sent to her, from a man claiming to lead the Klan. Gomez holds nothing sent to him or to any helper, and no one has threatened them at all.

8. In *Kamehameha Schools*, online posts said four child plaintiffs "will need 10 bodyguards" and "would have to watch their backs." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1041 (9th Cir. 2010). The Ninth Circuit called those threats "undoubtedly severe." *Id.* at 1043. It asked whether the plaintiffs "were threatened" and whether "a reasonable person would believe" the threats would be

carried out. *Id.* at 1044. It still upheld the denial of anonymity, because people "say things anonymously on the internet" that they "have no intention of carrying out." *Id.* at 1045. Gomez fails at the first step. And just as the plaintiffs there had "culled only a few comments out of hundreds," Gomez has culled a union flyer from a Sheriff's election, lawsuits by strangers, an indictment of other people, and Vertex's settlement letters. *Id.*; ECF No. 83-1 at 8–12. If a Klan letter and threats against children were not enough, these papers cannot justify sealing.

9. What Gomez really fears is that the people who helped him may have to answer for the suit he chose to bring. But "exposure to further litigation" is no reason to seal. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Gomez called on this Court to brand Vertex a briber and a money launderer, and he chose to take help writing those charges. Those who "call on the courts" "must accept the openness that goes with" them, and any harm that follows "is the nature of public litigation." *Public Citizen*, 749 F.3d at 271. That openness reaches the people who helped Gomez make his charges.

10. The Fifth Circuit applied that rule to lawyers who sued law firms and swore they would "be eased out" of their jobs for it. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 711 (5th Cir. 1979). Because the firms stood "publicly accused of serious violations of federal law," their accusers had to sue "under their real names." *Id.* at 713. Gomez publicly accuses Vertex of bribery and money laundering. ECF No. 74 at 4. Gomez himself sues under his own name. But he asks the Court to hide the people who helped him write those charges. If the accusers in

*Wynne & Jaffe* could not hide, those who helped Gomez accuse Vertex cannot hide behind him. And a "stubborn refusal to litigate openly" cannot "outweigh the public's interest in open trials." *Doe v. Megless*, 654 F.3d 404, 410–11 (3d Cir. 2011).

**IV. Keeping the names from Vertex would make this a one-sided proceeding, which due process does not allow.**

11. Gomez asks that only the Court see the names, "in camera and ex parte." ECF No. 83 at 5. Gomez would then tell the Court who helped him, and Vertex could not check a word of it. Vertex could not test whether the list is complete, whether any helper is in fact a lawyer, or whether the friend Gomez already named on the public docket is on it. Yet the Court would rely on that secret list to decide whether Gomez obeyed its orders.

12. It is "settled beyond peradventure" that such one-sided proceedings are "greatly disfavored." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007). They raise "substantial due process concerns," and courts are "properly reluctant to participate in them." *Id.* at 356–57. Indeed, a one-sided submission to a judge is "fundamentally at variance" with due process. *Id.* at 357. It is a "hallmark of our adversary system" that each side may see "the evidence tendered" to the court. *Abourezk v. Reagan*, 785 F.2d 1043, 1060 (D.C. Cir. 1986). Due process gives Vertex the right to be heard "in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Vertex cannot be heard on a list it cannot read.

13. The Fourth Circuit has applied these rules to papers filed in this District. When Maryland's Attorney General filed exhibits here without serving them, the court held that the rules "clearly mandate service on an adversary." *Thompson v. Greene*, 427

F.3d 263, 269 (4th Cir. 2005). Any other rule would let a party "communicate ex parte with the court." *Id.* at 269 n.7. Rule 5 says the same, because every paper filed with a motion, including Gomez's sealed Supplement, "must be served on every party." Fed. R. Civ. P. 5(a)(1)(D). Nor is it clear that Gomez obeyed at all. He waited until the deadline, then filed the names under seal on the strength of the same fears the Court had just rejected. ECF No. 80 at 2; ECF No. 82. A filing that rests on reasons the Court already rejected does not comply with the Court's order. At the least, the Court should not decide whether Gomez obeyed on a record Vertex cannot see.

**V. Gomez's own cases kept names from the public, never from the other side, so none supports his request.**

14. Gomez admits he "has not found a case" on point. ECF No. 83-1 at 1. Vertex has found none either. No case he cites lets a civil party keep from its opponent names the court ordered it to disclose. Every one kept names from the public or protected a privilege. In *Darden*, the plaintiff did "not wish to withhold her identity" from the defendant, only "from the public." *Doe v. Darden Rests., Inc.*, 736 F. Supp. 3d 297, 300 n.2 (D. Md. 2024).

15. The cases that hid names from the other side involved criminal prosecutions and "the Government's privilege" to protect informers. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The one other civil case, *Marfork*, rested on a constitutional privilege and required proof that disclosure "will chill associational rights." *Marfork Coal Co. v. Smith*, 274 F.R.D. 193, 204–07 (S.D.W. Va. 2011). Gomez claims no privilege and offers no proof.

## VI. Vertex is entitled to discover the names and everything the helpers did, so sealing would only delay what the rules require.

16. Gomez says his helpers "bear on no claim or defense." ECF No. 83 at 2. That is not his call. In our "adversary system," courts "rely on the parties to frame the issues." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). So Vertex, not Gomez, decides what it needs to defend itself. And the rules give Vertex the means to get it, because "mutual knowledge of all the relevant facts" is "essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Each side may "compel the other to disgorge whatever facts he has." *Id.* That includes the "identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

17. The helpers know exactly what Vertex needs. They know who wrote the charges of bribery and money laundering, what facts Gomez gave them, and what they knew when they wrote. They know whether any of them acted as a lawyer and who, if anyone, paid them. Each of those facts goes to Vertex's defenses and to the remedies discussed below. So sealing would buy Gomez nothing. He must give the names the first time Vertex asks for them in discovery.

18. No privilege would protect the helpers either. The attorney-client privilege covers only a "member of the bar" or "his subordinate." *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). Gomez swears that each helper is "not an attorney." ECF No. 81 at 1–3. And no privilege ever shields "the underlying facts." *Upjohn Co. v. United States*,

449 U.S. 383, 395 (1981). So Vertex may discover what Gomez told his helpers and every draft, note, and message that passed between them.

19. Nor is it easy to believe that none of the thirty-four is a lawyer. Gomez's motion cites more than a dozen federal appellate decisions, the Federal Rules, and this Court's Local Rules, and it argues the First Amendment and common-law tests for sealing. ECF No. 83 at 1–7; ECF No. 83-1 at 1–7. If a lawyer wrote them, Gomez's sworn list is false, and the lawyer has done what courts in this Circuit have "condemned" as "a deliberate evasion" of Rule 11. *Clarke v. United States*, 955 F. Supp. 593, 598 (E.D. Va. 1997). Courts facing that problem have ordered the pro se party "to identify counsel." *Stewart v. Angelone*, 186 F.R.D. 342, 344 (E.D. Va. 1999). And if no lawyer helped, no privilege applies. Either way, Gomez cannot keep the helpers' names or their work from Vertex.

20. The names also bear on rights the law gives every defendant. The law allows a claim against a person who takes "an active part" in bringing a wrongful suit. Restatement (Second) of Torts § 674 (Am. L. Inst. 1977). The rules allow such a claim in the same case, against persons joined as parties "to a counterclaim." Fed. R. Civ. P. 13(h). Maryland treats "helping in the preparation" of court filings as the practice of law. Md. Code Ann., Bus. Occ. & Prof. § 10-101(h)(2)(iii). And who wrote Gomez's papers may matter to the pending Rule 11 motion. Vertex cannot weigh any of these rights without knowing who the helpers are.

21. A party must give the other side "notice of access" to relevant evidence it does not control. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). Drafts

may sit on the helpers' computers and messages on their phones. Vertex cannot send a preservation letter to someone it cannot name. And sealing names that must come out in the first round of discovery would only make the Court decide the same question twice. The rules call for the "just, speedy, and inexpensive" resolution of every case, and a seal that delays the inevitable serves none of those ends. Fed. R. Civ. P. 1.

**VII. Gomez withheld the names after the Court refused to excuse him, so the Court should formally warn him and order the helpers' records preserved.**

22. Gomez asked the Court to excuse him from naming his helpers. The Court refused, and Gomez withheld the names anyway. ECF No. 80 at 1–2. But court orders "must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). This Court has now had to give the same order four times. Courts have the power to manage their cases to achieve "the orderly and expeditious disposition" of them. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). That power includes the power to demand "submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Pro se litigants receive some leeway, but they too owe the "respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

23. This case is young, and a clear word now will spare the Court and the parties many more rounds like this one. An "explicit warning" of dismissal is "a critical fact" before a court sanctions a party that disobeys an order. *Ballard*, 882 F.2d at 95. The Court should give that warning now.

24. A party must also preserve evidence it has the "practical ability to obtain" from others. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Gomez can get his helpers' drafts and messages by asking. Vertex cannot.

## CONCLUSION

The Court ordered Gomez four times to name his helpers. He answered with a blacked-out list. Vertex asks the Court to (1) deny ECF No. 83; (2) direct the Clerk to unseal ECF No. 82 and the Supplement, so that both appear on the public docket and are available to all parties; (3) order Gomez to preserve, and to have each helper preserve, all drafts and messages about this case and to certify compliance within three days; and (4) formally warn Gomez that further noncompliance may lead to dismissal.

Date: November 22, 2026

Respectfully submitted,

Steven Tessler[2,3]
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org
Counsel for Vertex TL LLC and the Deedholder Defendants

---

[2] The undersigned declares under penalty of perjury that the factual statements in this paper that are based on his personal knowledge and are not otherwise supported by the pleadings, docket, cited orders, or exhibits are true and correct. *See* 28 U.S.C. § 1746. Executed on November 22, 2026.

[3] The undersigned appears solely as counsel for Vertex TL LLC and the Deedholder Defendants, not in his individual capacity, and preserves all defenses to personal jurisdiction and service. *See, e.g., Karcher v. May*, 484 U.S. 72, 78 (1987) (participation in litigation in one capacity does not make a person a party in another).

**Certificate of Service**

I hereby certify that on November 22, 2026, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notice of the filing to all registered counsel and parties.

Steven Tessler